**Lorenzo NORIEGA and wife, Angela Noriega, Appellants,**

v.

**Jack C. DAUTRICH and wife, Pauline Dautrich, d/b/a Hamburger Inn, Appellees.**

No. 6327.

Court of Civil Appeals of Texas, El Paso.

May 30, 1973.

Michael R. Gibson, El Paso, for appellants.

Glenn E. Woodard, El Paso, for appellees.

## OPINION

RAMSEY, Chief Justice.

This is an appeal from a temporary injunction. Jack C. Dautrich, et ux., d/b/a Hamburger Inn, Plaintiffs-Appellees, filed suit for temporary injunction against Lorenzo Noriega, et ux., Defendants-Appellants. The trial Court entered the injunctive relief prayed for.

The only record presented for appellate review is the transcript. Plaintiffs allege that for thirty-three years, they have operated a business known as "Hamburger Inn" at 3614 Alameda Street in El Paso. During all this period of time, the Defendants have worked for Plaintiffs. A disagreement between the parties arose. Defendants opened a business at 3700 Alameda, known as "Alameda Hamburger Inn" and filed an assumed name certificate under the name of "Hamburger Inn, 3700 Alameda." The Plaintiffs allege that the Defendants' business is in close proximity to Plaintiffs' and that the trade name was used to mislead customers. The trial Court found that the Defendants were threatening to open another identical business within one hundred feet of Plaintiffs' location and under the identical name of "Hamburger Inn." Plaintiffs further allege that the name "Hamburger Inn" has taken on a secondary meaning, and that Defendants' use of the name is calculated to fraudulently divert Plaintiffs' customers. Plaintiffs also allege that the use of such name constitutes an unlawful trade practice and that irreparable harm will be suffered by Plaintiffs unless the injunctive relief is granted.

■ The record does not contain any statement of facts. The reviewing Court is thus required to assume that there was evidence introduced to support the trial Court's findings and every presumption must be indulged in favor of the trial Court's findings and judgment. Gelfond v. Levit, Tex.Civ.App., 398 S.W.2d 659 (n. w. h.); McPherson v. Black, Tex.Civ.App., 346 S.W.2d 615 (n. r. e.); Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683.

■ There are no findings of fact or conclusions of law in the record nor any request therefor. In their absence, all findings of fact or conclusions of law necessary to support the judgment of the trial Court will be presumed. Hellyer v. Wig Imports, Inc. of the Southwest, Tex.Civ. App., 458 S.W.2d 492 (n. w. h.); Beddall v. Reader's Wholesale Distributors, Inc., Tex.Civ.App., 408 S.W.2d 237 (n. w. h.); McDonald, Texas Civil Practice, Vol. 4, Sec. 16.10(a).

■ The trial Court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549. The only record presented in this appeal consists of the pleadings of the parties and the Court's judgment. In the absence of a statement of facts, bills of exceptions or findings of fact and conclusions of law, there is no record presented for review to determine whether or not there was any abuse of discretion.

The judgment of the trial Court is affirmed.