**ONORAY DAVIS TRUCKING COMPA-
NY, INC., et al., Appellants,**

v.

**Australie Miller LEWIS, Administratrix
with Ophelia E. Thibodeaux,
Deceased, Appellee.**

**No. A14–82–124CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 27, 1982.

Rehearing Denied June 24, 1982.

Carnegie H. Mims, Jr., Jefferson, Sherman & Mims, Houston, for appellants.

Larry D. Wagenbach, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from the granting of a temporary injunction enjoining a foreclosure sale on certain property in Houston, Texas by appellant Onoray Davis Trucking Company, Inc., its agents, employees, representatives and attorney, and by Onoray Davis, Trustee under a deed of trust.

Appellant is the owner and holder of a promissory note for $25,000. This note is secured by a deed of trust on the property in question. The note and deed of trust upon which the appellants are attempting to foreclose was executed by Abbie Marshall. Abbie Marshall was a *life tenant* of the property under a will executed November 11, 1972 by Ophelia E. Thibodeaux and admitted into probate September 30, 1976. Upon Ms. Marshall's death the will directed that the property be sold and the proceeds divided among her sister, brother, and four nieces. Prior to her death, and under the terms of the will, Ms. Marshall was appointed independent executrix. After her death, appellee was appointed administratrix on April 22, 1981. At the time of Ms. Marshall's death, the note remained unpaid and since the appointment of appellee as administratrix, the note has been in default. Pursuant to the note and deed of trust, in March 1982 appellant gave appellee notice that he had exercised his option to accelerate the principal and interest due on the note and to foreclose its lien. As a result of the appellant's claim appellee sought the issuance of a temporary injunction.

Upon the granting of the injunction, appellant filed, and was granted, a motion to present an accelerated appeal under Tex. R.Civ.P. 385(d) which provides that "[i]n all accelerated appeals, the bond . . . shall be filed . . . within thirty days after the judgment or order is signed. Likewise, the record shall be filed in the appellate court within thirty days after the judgment or order is signed." The order granting the temporary injunction was signed February 26, 1982 thereby making March 29, 1982 the last day upon which the bond and the record could be filed. The bond was filed on March 26, 1982. However, the record (which consists only of a transcript) was not received by this Court until April 6, 1982, eight days late. On March 30, 1982 appellee filed a Motion to Dismiss for Want of Jurisdiction or in the Alternative Affirmance pursuant to Tex.R.Civ.P. 387. The motion was taken with the case. On April 13, 1982 appellant filed a Motion for Extension of Time to File Transcript which was taken with the case.

Rule 385(d) provides that "[f]ailure to file . . . the record . . . within the time specified, unless *reasonably explained*, shall be grounds for dismissal or affirmance under Rule 387, but shall not affect the court's jurisdiction or its authority to consider material filed late." (emphasis added). Tex. R.Civ.P. 21c(1) provides that a court of appeals may grant an extension of time to file a transcript or statement of facts late "if a

motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing...." Appellee's motion for extension of time was filed on the fifteenth day. Rules 21c(1) and 385(d) require only "reasonable explanation" for an extension of time. " '[R]easonably explaining' means any plausible statement of circumstances indicating that the failure to file within the ... [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383 at 384 (Tex.1977). The appellant's sworn motion for extension of time to file the transcript recites that he requested the transcript on March 1. It further recites that he filed the appeal bond in this court instead of with the Probate Court and did not realize the mistake until the clerk informed him that the bond would have to be filed there if a transcript was to be completed. Appellant filed the bond in the Probate Court on March 26, 1982. We find this to be a "reasonable explanation" and as such grant the appellant's motion for extension of time to file the transcript and order the transcript filed as of the date of receipt, April 6, 1982. We also deny appellee's Motion to Dismiss for Want of Jurisdiction or in the Alternative Affirmance.

■ On the merits of the case, appellant presents three points of error. By first point he alleges that the Probate Court had no jurisdiction to enter the temporary injunction as there is no statutory or constitutional grant of such authority to the Probate Court. We disagree.

Section 5(d) Tex.Prob.Code Ann. (Vernon 1980) gives all courts that exercise probate jurisdiction authority to hear "all matters incident to an estate." Section 5A(b) then defines the terms "incident to an estate" to "include ... all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills ... and generally all matters relating to the settlement, partition, and distribution of estates of ... deceased persons." Article 1970–110a § 6

Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982) gives the Probate Court No. 1 of Harris County, Texas the "power to issue writs of injunction ... necessary to the exercise and enforcement of the jurisdiction of said court ...."

In their treatise on *Probate and Decedents' Estates*, Woodward and Smith wrote:

When there is a dispute as to whether certain assets that are claimed by both the estate and a person who claims by some right other than a distributee, the matter is one that has a direct bearing on the assimilation and ultimate distribution of the estate and it is therefore incident to the estate. In such a case, the probate court has the power to prevent the transfer or dissipation of the potential assets by injunctive relief. Otherwise the enforcement of the jurisdiction of the probate court could be defeated.

17 Woodward & Smith, Probate and Decedents' Estates, § 9 (Texas Practice Supp. 1981).

Without question the property on which the appellant attempted to foreclose is a "potential asset" of the estate. Therefore we hold that the injunction was to

protect[ ] from dissipation or transfer of the potential assets of the estate ... [and] directly bears on the ultimate collection and distribution of ... properties pursuant to ... [an] effective will ... [and] [i]t was necessary that the asset[ ] in question be protected and preserved until [its] status could be determined. Otherwise, the provisions of the ... will could be frustrated and the enforcement of the jurisdiction of the Probate Court defeated.

*Lucik v. Taylor*, 596 S.W.2d 514 at 516 (Tex.1980).

■ By his second point of error, the appellant alleges that the Probate Court could not enter the temporary injunction because (1) it was supported by only an unsworn application which did not recite the necessary allegations; (2) there was no evidentiary hearing; and (3) no bond was required in the order. This point is predicated upon the assumption that the injunc-

tion was granted under the provisions of Tex.R.Civ.Pro. 680, 682, 683 and 684. As we have set forth above, the Probate Court has power to preserve the assets of an estate and to effectuate its decrees. When it so acts, the rules appellant relies on under this point are inapposite. Also appellant waived any error with respect to the alleged insufficiency in the pleading. Tex.R. Civ.P. 90 provides that "[e]very defect, omission or fault in a pleading either in form or substance" is waived unless pointed out in writing. Section 9 of the Tex.Prob. Code Ann. (Vernon 1980) provides that defects in pleadings should be objected to and brought to the attention of the court. There were no exceptions in writing filed and brought to the attention of the court and any error is, therefore, waived. *See McKee v. City of Mt. Pleasant*, 328 S.W.2d 224 (Tex.Civ.App.—Texarkana 1959, no writ); *J. D. Abrams, Inc. v. Sebastian*, 570 S.W.2d 81 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). Furthermore, appellant has not brought forth a statement of facts. In the absence thereof, we are required to presume that there was evidence introduced to support the trial court's judgment. *Noriega v. Dautrich*, 497 S.W.2d 452 (Tex.Civ. App.—El Paso, 1973, no writ); *International Longshoreman's Association, Independent v. Galveston Maritime Association*, 358 S.W.2d 607 (Tex.Civ.App.—Houston 1962, no writ).

Appellant further complains that no bond was required of the appellee. Just as this court is not required to set a bond pursuant to injunctions issued to protect its jurisdiction under the auspices of Article 1823 Tex.Rev.Civ.Stat.Ann. (Vernon 1964), we hold that the Probate Court was not required to set bond under the facts of this case. *See Collier v. Central National Bank*, 564 S.W.2d 828 (Tex.Civ.App.—Austin 1978, no writ); *Sonny Arnold, Incorporated v. Sentry Savings Association*, 602 S.W.2d 90 (Tex.Civ.App.—Amarillo 1980, no writ). Article 1970–110a § 6 does not require a bond upon issuance of an injunction. Appellant's rights are fully protected and preserved without a bond in this case as the assets remain under the jurisdiction of the Probate Court.

Appellant's third point of error alleges an abuse of discretion based on the underlying merits of the case. Absent a statement of facts, we cannot say the Probate Court abused its discretion. Appellant's third ground of error is overruled. *Noriega, supra.*

As a counterpoint, the appellee requests a 10% penalty on the amount in dispute as damages under Tex.R.Civ.P. 438. To grant such we must find that the appeal was taken for the purpose of delay as the rule requires. We find no support for this, and the request is denied.

The order of the trial court issuing temporary injunction is affirmed.