Ruiz v. TABC 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00618-CV







The State of Texas, the Texas Alcoholic Beverage Commission, and 


Jeannene Fox, in Her Capacity as Acting Administrator, Appellants



v.



Ruiz Wholesale Co., et al., Appellees



&






NO. 03-94-00269-CV







Ruiz Wholesale Co., et al., Appellants



v.



Texas Alcoholic Beverage Commission, Jeannene Fox, Acting Administrator;


State of Texas; and Silver Eagle Distributors, Inc., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 93-11542, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 These interlocutory appeals involve two trial-court orders, the first granting a
temporary injunction and the second denying one. Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(4) (West Supp. 1995). Ruiz Wholesale Company and other local beer distributors
(collectively "Ruiz") sought to enjoin the Texas Alcoholic Beverage Commission ("TABC") from
requiring or enforcing manufacturers' territorial agreements in connection with the resale of beer. (1) 
The trial court initially granted a temporary injunction, from which the TABC perfected an
interlocutory appeal. On rehearing, however, the trial court dissolved that injunction. Ruiz then
made a second application for a temporary injunction. Concluding that Ruiz had failed to show
sufficient evidence of a probable right to recover or probable injury, the trial court denied this
second request, from which Ruiz perfected an interlocutory appeal. We will affirm the trial
court's order denying Ruiz's second application; we will dismiss the TABC's appeal as moot.


FACTUAL AND PROCEDURAL BACKGROUND


 The procedural background of this case is complex. Because the procedural posture
defines the parameters of the issues before this Court, we will describe the history of this dispute
in detail.

 At the core of this controversy is the proper construction of section 102.52 of the
Alcoholic Beverage Code as amended by the 73rd Legislature in 1993. Before its amendment,
the section provided:


(a) Nothing in Section 102.51 of this code limits or alters the right of a holder of
a general, local, or branch distributor's license to sell beer to any other holder of
a general, local, or branch distributor's license, except that a distributor who has
purchased beer from another distributor may distribute and sell the beer only
within a territory for which the manufacturer of the brand has designated that it
may be sold by a distributor.



Act of March 29, 1979, 66th Leg., R.S., ch. 33, § 9, 1979 Tex. Gen. Laws 53, 55 (Tex. Alco.
Bev. Code Ann. § 102.52(a), since amended) (emphasis added).

 In 1993, the Legislature amended the last portion of the section to read "except that
a distributor who has purchased beer from another distributor may distribute and sell the beer only
within a territory for which the manufacturer of the brand has designated that it may be sold by
the general, local, or branch distributor making the purchase." Act of May 30, 1993, 73rd Leg.,
R.S., ch. 934, § 67, 1993 Tex. Gen. Laws 3950, 3975 (Tex. Alco. Bev. Code Ann. § 102.52)
(emphasis added). Ruiz and the TABC dispute whether this amendment to section 102.52 now
requires local beer distributors to have territorial agreements with beer manufacturers before such
distributors can resell beer purchased from another distributor.

 On September 28, 1993, Ruiz filed suit for declaratory judgment and injunctive
relief against the TABC. Ruiz alleged entitlement to a temporary injunction enjoining the TABC
from enforcing section 102.52 on four grounds: (1) procedural invalidity for noncompliance with
the Administrative Procedure Act and due-course-of-law provision of the Texas Constitution when
the TABC announced its intent to enforce the section, (2) violation of constitutional rights to due
process and equal protection, (3) inconsistency with other sections of the Alcoholic Beverage
Code, and (4) lack of authority for the TABC to enact an unconstitutional rule. 

 On October 18, 1993, the trial court conducted an evidentiary hearing on Ruiz's
application for temporary injunction. In its first order, dated January 20, 1994, the court found
section 102.52 ambiguous and construed it as not requiring local beer distributors to obtain
manufacturers' territorial agreements. Concluding there was a probable right to recover on the
merits, the court issued a temporary injunction against TABC enforcement of the provision. The
TABC timely perfected an appeal from this order in our cause number 3-93-618-CV.

 Silver Eagle Distributors, Inc. ("Silver Eagle"), an intervenor below, did not appeal
this initial order by the trial court. (2) Rather, Silver Eagle filed a motion for rehearing, which the
trial court granted. In a second order, dated January 27, 1994, the court determined that the
temporary injunction should not have been issued because the court's preliminary interpretation
of amended section 102.52 was incorrect. The court concluded that section 102.52 "requires that
when a distributor (the `purchasing distributor') purchases beer from another distributor, the
purchasing distributor may only resell that beer in the territory assigned to the purchasing
distributor by the manufacturer of the beer." The court dissolved the temporary injunction it had
issued only the week before. Significantly, Ruiz did not appeal this January 27, 1994 order
dissolving the temporary injunction and construing section 102.52. Meanwhile, the TABC's
appeal from the trial court's first order remained pending in this Court.

 On January 31, 1994, the TABC issued a letter notifying all holders of general and
local distributors' licenses of the trial court's January 27, 1994 order. This notification letter,
which included a copy of the trial court's order, simply stated that the order was "self-explanatory" and advised distributors to "make sure that you are in compliance with the law."

 On March 28, 1994, Ruiz filed in the trial court a second application for temporary
injunctive relief. This second request reiterated all of the grounds asserted in Ruiz's initial
application and also included three claims that were essentially new: (1) the requirement of
territorial agreements constitutes an unconstitutional delegation of power to beer wholesalers; (2)
the requirement is an unconstitutional suspension of law; and (3) territorial agreements operate
as an unreasonable restraint violating the Texas Antitrust Act. (3) Following another hearing, the
trial court, in an order dated May 10, 1994, denied Ruiz's second application for temporary
injunctive relief on the grounds that Ruiz had failed to show probable right to recover and
probable injury. Further, the court found that claims of adverse action by the TABC were not
ripe for consideration. Finally, the court expressed no opinion "on the alleged absence of
standards to guide the discretion of the licensing authority in the implementation or application
of Section 102.52." Ruiz perfected an interlocutory appeal from this May 10, 1994 order in our
cause number 3-94-269-CV.


DISCUSSION


 In its first point of error, Ruiz asserts that the trial court adopted an erroneous
construction of section 102.52 of the Alcoholic Beverage Code. Given the procedural history
described above, it is imperative that we identify precisely the issues that are properly before this
Court in these interlocutory appeals.


A.  January 20, 1994 Order Granting Temporary Injunction 

 The TABC properly appealed the validity of the initial January 20, 1994 order
granting Ruiz a temporary injunction. However, the trial court subsequently granted a rehearing
and, in its January 27, 1994 order, dissolved the injunction. The issue of whether an injunction
is valid becomes moot when the injunction ceases to have effect. University Interscholastic
League v. Buchanan, 848 S.W.2d 298, 304 (Tex. App.Austin 1993, no writ). Because the trial
court dissolved the temporary injunction on rehearing, the TABC's appeal of the January 20, 1994
order is moot. We lack jurisdiction when an appeal is moot. See id.


B.  January 27, 1994 Order Dissolving Temporary Injunction

 When the trial court reconsidered its temporary injunction, it renounced its earlier
interpretation of section 102.52 and concluded that the statute requires that all purchasing
distributors, including local distributors, have manufacturers' territorial agreements. 
Consequently, the court dissolved the previously granted temporary injunction. This order
constituted a denial of temporary injunctive relief, from which Ruiz did not appeal. An
interlocutory order that is not timely appealed is not reviewable by this Court. See Desai v.
Reliance Mach. Works, Inc., 813 S.W.2d 640, 641 (Tex. App.Houston [14th Dist.] 1991, no
writ); Cellular Mktg., Inc. v. Houston Cellular Tel. Co., 784 S.W.2d 734, 735 (Tex.
App.Houston [14th Dist.] 1990, no writ); Tober v. Turner of Texas, Inc., 668 S.W.2d 831, 833-34 (Tex. App.Austin 1984, no writ). Although Ruiz argues vigorously that the trial court did
not correctly construe section 102.52 in its January 27, 1994 order, Ruiz's failure to perfect an
interlocutory appeal from that order precludes this Court from reviewing its validity.


C.  May 10, 1994 Order Denying Second Request for Temporary Injunction

 After the time to appeal the dissolution of the previously granted temporary
injunction had passed, Ruiz filed a second application for temporary injunctive relief. Following
another evidentiary hearing, the trial court denied this second request. Ruiz perfected an
interlocutory appeal from this May 10, 1994 order. 

 In points of error two and three, Ruiz asserts that the trial court erred in "refusing
to restrain the TABC's enforcement of its interpretation of section 102.52" and in "refusing to
enjoin the application of section 102.52." However, in the subparts of these arguments, Ruiz
directly challenges only one aspect of the trial court's May 10, 1994 decision: "ripeness." The
remainder of Ruiz's contentions focus on the merits of whether the TABC "rules" are:
procedurally and substantively invalid, violative of due process and equal protection, an improper
delegation of authority, an invalid suspension of law, an invalid special law, (4) and violative of the
Texas Antitrust Act. Because of Ruiz's misconception of the scope of a second request for
injunctive relief and the appropriate standard of review in this interlocutory appeal, the issues we
must address are considerably narrowed. 


 1.  Scope of a Second Request for Injunctive Relief

 Ordinarily, the dissolution of a temporary injunction bars a second application for
such injunctive relief, unless the second request is based on changed circumstances not known at
the time of the first application. See Ellis v. Lamb-McAshan Co., 278 S.W. 858, 862 (Tex. Civ.
App.--Fort Worth 1925, writ dism'd); Birchfield v. Bourland, 187 S.W. 422, 425 (Tex. Civ.
App.Fort Worth 1916, no writ); see also 43A C.J.S. Injunctions § 278 (1978). Successive
applications for injunctive relief on grounds that could have been raised in connection with an
earlier request for such relief are not allowed where there is insufficient reason why the grounds
were not urged in the earlier application. Ellis, 278 S.W. at 862. This restriction on the scope
of successive requests for the extraordinary remedy of a temporary injunction sensibly deters
piecemeal litigation, conserves judicial resources, and prohibits litigants from receiving "two bites
at the apple." Cf. Tober, 668 S.W.2d at 835.

 Ruiz's second application for temporary injunction provides no valid basis on which
the trial court could have granted relief. The challenges to the procedural and substantive validity
of the requirement and the constitutional due process and equal protection arguments in Ruiz's
second request duplicate those in its initial request. Moreover, all of the "new grounds" alleged
in the second application--improper delegation of power, invalid suspension of law, and violation
of the Texas Antitrust Act--were clearly available to Ruiz when it made its initial request for
injunctive relief. Consequently, there is no basis on which the trial court could have abused its
discretion in denying Ruiz's second request. 

 Additionally, there are no changed circumstances that would allow Ruiz to re-urge
its request for an injunction or generate new grounds for relief. The only thing that occurred
between the dissolution of the injunction and Ruiz's second request was the TABC notification
letter. (5) This brief notice merely informed beer distributors that the previous injunction had been
dissolved and that distributors should comply with section 102.52. This in no way amounts to a
change in circumstances warranting a second attempt at injunctive relief. Throughout the
proceedings, the TABC consistently maintained that section 102.52 required all beer distributors
to have manufacturers' territorial agreements before purchasing beer from another distributor for
resale. A letter restating this position is not a changed circumstance, nor was it unknown at the
time of the initial application. It does not, therefore, permit a second request for an injunction. 
Accordingly, the trial court did not abuse its discretion in denying Ruiz's second request.


 2.  Review of a Denial of a Temporary Injunction

 An equally fundamental misconception also pervades Ruiz's appeal. This is an
appeal of an interlocutory order. Appellate review of an order denying a temporary injunction
is strictly limited to a determination of whether there has been a clear abuse of discretion. Davis
v. Huey, 571 S.W.2d 859, 862 (Tex. 1978). We must confine our review to abuse of discretion
and cannot give full consideration to the merits of the underlying lawsuit. Id. at 861-62. A trial
court abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it
acts without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).

 Ruiz fails to recognize the abuse-of-discretion standard that controls this appeal. 
Rather, the entire thrust of Ruiz's argument goes to the merits of its many challenges to section
102.52 and its enforcement by the TABC. We decline to reach the merits of these claims without
allowing the trial court an opportunity to render a final judgment on them. The sole issue on
review here is whether the trial court abused its discretion in denying Ruiz's second request for
injunctive relief.

 Moreover, even if the present appeal were from the trial court's initial refusal to
grant injunctive relief, Ruiz would still not be entitled to a reversal on this record. To prevail in
its request for a temporary injunction, Ruiz had to demonstrate a probable right to recover at trial
on the merits and probable injury in the interim. See Sun Oil Co. v. Whitaker, 424 S.W.2d 216,
218 (Tex. 1968). In reviewing an order denying a temporary injunction, we must draw all
legitimate inferences from the evidence in the light most favorable to the trial court's order. 
Hartwell's Office World, Inc. v. Systex Corp., 598 S.W.2d 636, 638 (Tex. Civ. App.Houston
[14th Dist.] 1980, writ ref'd n.r.e.); see W.C. Larock, D.C., P.C. v. Enabnit, 812 S.W.2d 670,
671 (Tex. App.El Paso 1991, no writ). When no findings of fact or conclusions of law are filed,
the trial court's order must be upheld on any legal theory supported by the record. Davis, 571
S.W.2d at 862. 

 In its May 10, 1994 order, the trial court found that the second request for
injunctive relief should be denied because, inter alia, the evidence presented was insufficient to
show probable injury. At the hearing on it second request, Ruiz offered the testimony of only one
witness, Reecie Dunn, a local distributor. Dunn testified that the TABC had not cited him or
threatened him with any action for failure to have a territorial agreement. 

 The only other evidence admitted at the hearing consisted of two letters from beer
manufacturers to Mary Boggs. (6) The first, from Miller Brewing Company, dated January 28,
1994, responds to a January 26, 1994 inquiry by stating that Miller was aware of the court ruling
but was unable to respond to "your request" until the TABC informs the company what
manufacturers can and cannot do. Given that it is unclear what the request was and whether the
court ruling mentioned was the initial January 20, 1994 order or later January 27, 1994 order, this
is not conclusive evidence of probable injury. 

 The second letter, from Anheuser-Busch, also dated January 28, 1994, merely
states that the company already has a contractual agreement granting an exclusive territorial
agreement to another distributor. Given this paucity of evidence, the trial court certainly did not
abuse its discretion when it refused to find probable injury.


CONCLUSION


 We dismiss the TABC's appeal in cause number 3-93-618-CV as moot, because the
trial court has dissolved the injunction from which the appeal was taken. In cause number 3-94-269-CV, we overrule Ruiz's points of error and affirm the trial-court order denying Ruiz's second
application for an injunction. The trial court did not abuse its discretion in denying this 



relief, both because Ruiz was not entitled to seek successive injunctive relief and because Ruiz
failed to carry its burden of proof on probable injury.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in number 03-94-00269-CV; Appeal Dismissed in number 03-93-00618-CV

Filed: June 21, 1995

Publish 
1. The Ruiz Wholesale Co. litigants also include: Ruiz Wholesale Co. No. 2, Ruiz
Wholesale Co. No. 4, Ruiz Cash N Carry Co. No. 1, Ruiz Cash N Carry No. 5, AAA
Wholesale Beer Co., Port Houston Wholesale, Bill's Wholesale Beer Co., Simon G. Garza
d/b/a G & S Wholesale Beer, and Prevost Wholesale No. 2.
2. Silver Eagle, a general distributor licensed by the TABC, intervened in the lawsuit
following the initial temporary injunction hearing, but before the trial court issued its
ruling.
3.   Ruiz contended at oral argument that its constitutional due process argument was
also new. However, the initial request for injunctive relief included this constitutional
challenge.
4.   This contention was not raised to the trial court in Ruiz's second request for injunctive
relief. Consequently, it is not properly before this Court and will not be addressed further.
5.   The brief notification letter, signed by acting TABC administrator Jeannene Fox,
consists of only four sentences. The entire text is:


On the reverse side you will find a copy of the order signed by Judge
Margaret Cooper of the 53rd District Court of Travis County, Texas on
January 27, 1994, dissolving the temporary injunction previously issued in
Cause No. 93-11542, Ruiz Wholesale, et al. v. Texas Alcoholic Beverage
Commission, et al.


Judge Cooper's order is self-explanatory. Therefore, § 102.52, Texas
Alcoholic Beverage Code, as amended by the 73rd Legislature, is in full force
and effect as of the date of the dissolution of the injunction. Please make sure
that you are in compliance with the law.
6.   Mary Boggs did not testify at the hearing. Presumably, she is another local beer
distributor, but there is no record evidence to this effect.