IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00222-CV

 

Lowell Merritt,

                                                                                    Appellant

 v.

 

Robert Davis,

                                                                                    Appellee

 

 

 



From the 380th District
Court

Collin County, Texas

Trial Court No. 380-01387-2009

 



MEMORANDUM  Opinion



 








            Lowell Merritt seeks to
appeal the order of a McLennan County district court granting Robert Davis’s
motion to transfer venue to a Collin County district court.  We will dismiss
this interlocutory appeal for want of jurisdiction.

            The Clerk of this Court advised the parties that the appeal is subject
to dismissal for want of jurisdiction because it appears that no statute
authorizes the appeal.  See Ogletree v. Matthews, 262 S.W.3d 316, 319
n.1 (Tex. 2007).  The Clerk also notified the parties that the appeal may be
dismissed unless a response was filed showing grounds for continuing the
appeal.  Merritt has filed a response contending that section 15.064(b) of the
Civil Practice and Remedies Code authorizes this appeal.  We disagree.

            Section 15.064(a) of the
same code provides in pertinent part, “No interlocutory appeal shall lie from
the [venue] determination.”  Tex. Civ.
Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002).  Rule of Civil
Procedure 87(6) similarly provides, “There shall be no interlocutory appeals
from [an adverse venue] determination.”  Tex.
R. Civ. P. 87(6).  An “interlocutory appeal” is one “that occurs before
the trial court’s final ruling on the entire case.”  Black’s Law Dictionary 106 (8th ed. 2004).

            Merritt relies on section
15.064(b), which provides, “On appeal from the trial on the merits, if
venue was improper it shall in no event be harmless error and shall be
reversible error.  In determining whether venue was or was not proper, the
appellate court shall consider the entire record, including the trial on the
merits.”  Tex. Civ. Prac. & Rem.
Code Ann. § 15.064(b) (Vernon 2002) (emphasis added).  The “trial on the
merits” is the hearing in which the court makes its “final ruling on the entire
case.”  There has not been a trial on the merits in Merritt’s case yet.

            Merritt complains that, if
no interlocutory appeal is permitted, “any Defendant can LIE to obtain a Venue
Change.”  We note, however, that sanctions are available for groundless
pleadings or those filed in bad faith or for the purpose of harassment.  See
Tex. R. Civ. P. 13.

            A venue ruling may be
challenged in one of two ways.  First, if the venue ruling allegedly violates a
mandatory venue statute, a party may challenge that ruling by filing a petition
for writ of mandamus with the court of appeals.  Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002);
see Tex. R. App. P. 52
(governing mandamus proceedings generally); see also In re Applied Chemical
Magnesias Corp., 206 S.W.3d 114 (Tex. 2006) (orig. proceeding) (mandamus
proceeding challenging venue ruling).  Conversely, if the venue ruling does not
involve a mandatory venue statute, the ruling cannot be challenged in an
appellate court until after the trial on the merits.  See Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a);
Tex. R. Civ. P. 87(6); Am.
Home Products Corp. v. Clark, 38 S.W.3d 92, 95 (Tex. 2000) (“the law
requires a party to wait until a final judgment is entered in a case to appeal
an erroneous venue ruling”).

 Merritt has not filed a petition for
writ of mandamus to challenge the McLennan County district court’s venue
ruling.  No statute authorizes an interlocutory appeal of this ruling. 
Therefore, we dismiss Merritt’s appeal for want of jurisdiction.

 

FELIPE REYNA

                                                                                                Justice


Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal
dismissed

Opinion
delivered and filed August 5, 2009

[CV06]

 

 






79 S.W.2d 484, 485 (Tex. 1984). A temporary injunction is an
extraordinary remedy and does not issue as a matter of right. The decision to grant or deny a
temporary injunction is in the sound discretion of the trial court, and the court’s grant or denial
is subject to reversal only for a clear abuse of discretion. Walling v. Metcalfe, 863 S.W.2d 56,
58 (Tex. 1993).
      In reviewing an order denying a temporary injunction, we draw all legitimate inferences from
the evidence in the light most favorable to the trial court’s order. State v. Ruiz, 901 S.W.2d 772,
777 (Tex. App.—Austin 1995, no writ).
      A party seeking injunctive relief must plead and prove facts showing that party entitled to such
relief; and the court may deny such relief upon insufficiency of the testimony which may arise
from the testimony offered or from a want of testimony. Sneed v. Ellison, 116 S.W.2d 864, 866
(Tex. App.—Amarillo 1938, writ dism’d).
      Normally, an injunction will not be granted to prevent anticipated Fifth Amendment matters. 
There must be evidence of the necessity for the present use of the injunction. Maverick County
Water District v. City of Laredo, 346 S.W.2d 856, 858 (Tex. App.—San Antonio 1961, n.r.e.);
See also In re Verbois, 10 S.W.3d 825, 828 (Tex. App.—Waco 2000).
      The trial judge at the hearing advised Appellant that he could not be required to give evidence
against himself, and if someone sought to require him to do so, “Don’t do it, the Fifth Amendment
protects you.” There is no evidence that the TDCJ had in fact scheduled Appellant for the SOTP
program or that if he did attend, he would be required to give evidence against himself that is
protected by the Fifth Amendment.
      The trial court did not abuse its discretion in denying Appellant’s motion for a temporary
injunction.
      Appellant further complains of the trial court’s failure to file Findings of Fact and Conclusions
of Law, although timely requested to do so by Appellant. The failure of the trial court to file
Findings of Fact and Conclusions of Law, if error, could not have caused the rendition of an
improper judgment. Rule 44.1, Tex. R. App. P.
      Appellant’s issues and all contentions made thereunder are overruled.
      The judgment is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 30, 2001
Do not publish