COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| PEBBLE HILLS PLAZA, LTD., | § | No. 08-23-00157-CV |
| Appellant, | § | Appeal from |
| v. | § | 41st Judicial District Court |
| ASLM, LTD., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2022DCV1639) |

## MEMORANDUM OPINION

This case regards a piece of property near Fort Bliss (the Property) over which Pebble Hills Plaza (PHP) and ASLM, Ltd. (ASLM) are fighting. In this appeal, PHP takes issue with the trial court's entry of a second temporary injunction both enjoining PHP from foreclosing on any lien on the Property and ASLM, Ltd. from selling the Property, pending a trial on the merits. Because PHP has not demonstrated that the trial court abused its discretion, we affirm.

## BACKGROUND

This is the second time the case has come before us. In February 2023, we vacated the trial court's order and dissolved the temporary injunction because it did not state the reasons for its issuance or set a date for trial on the merits, as Texas Rule of Civil Procedure 683 requires. *Pebble Hills Plaza, Ltd. v. ASLM, Ltd.*, 661 S.W.3d 555, 557 (Tex. App.—El Paso 2023, no pet.). As

before, the history and facts of PHP and ASLM's business relationship are unnecessary to our disposition, so we refer to our brief discussion of the background facts in that opinion. *See id.* at 556. In short, PHP and ASLM disagree over who has the superior interest in the Property, and ASLM sued PHP to prevent PHP from foreclosing on any liens it purportedly holds on the Property.

The day after this Court's opinion issued dissolving the first temporary injunction, which had enjoined the sale of the Property, PHP sent ASLM a new notice of the substitute trustee's sale of the Property. Shortly thereafter, ASLM filed an emergency motion for reentry of the temporary injunction to prevent the foreclosure, stating that because this Court's opinion did not reach the merits, the trial court "need not take further evidence from either party, or rehear the issues from the June 22, 2022 temporary injunction." Instead, ASLM urged the trial court to "simply enter an order for injunction in conformity with the dictates of the Rules" and this Court's opinion. ASLM then asked the trial court to grant its request for a temporary injunction until trial to prohibit the foreclosure of the purported lien on the Property. PHP objected on res judicata and collateral estoppel grounds and argued that ASLM failed to demonstrate it was entitled to injunctive relief.[1]

After a hearing on June 1, 2023, the court granted ASLM's motion and entered the temporary injunction. The order states:

- that the disputed property "is a unique piece of real property because it has been in the family who are the principal of ASLM, it is near the entry gate to Fort Bliss, a federal army installation, and the business units are leased with unique tenants";

- that based on "the specific facts shown at the June 30, 2022, evidentiary hearing, that ASLM is likely to prevail on its pending claims and that ASLM will suffer immediate and irreparable injury, loss, or damage if injunctive relief is not granted"; and

---

[1] After this Court's mandate issued on May 5, 2023, PHP sent ASLM another notice of substitute trustee's sale, to which ASLM responded by filing its first amended emergency motion for reentry of temporary injunction to prevent the foreclosure, requesting the same relief described above.

- "ASLM would lose a unique property if PHP is able to foreclose on its alleged lien without trying the issues raised by the parties' pleadings."

The court prohibited both PHP and ASLM from selling the Property. It also found that "the bonds currently in place are adequate" and "no additional bond is required." Finally, the order set the case for trial on March 1, 2024.

PHP brought this interlocutory accelerated appeal to challenge the temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4); TEX. R. APP. P. 28.1(a).

## APPLICABLE LAW AND STANDARD OF REVIEW

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020) (per curiam) (quoting *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)). "To obtain a temporary injunction, an applicant must 'plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.'" *Abbott v. Harris Cnty.*, 672 S.W.3d 1, 7 (Tex. 2023) (quoting *Butnaru*, 84 S.W.3d at 204). If any of the three requirements are absent, the injunction must be reversed on appeal. *Id.* Further, a temporary injunction may not issue "unless the applicant offers competent evidence in support of his or her application to the trial court at the hearing on the temporary injunction, according to the standard Rules of Evidence." *Fuentes v. Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable*, 527 S.W.3d 492, 498 (Tex. App.—El Paso 2017, no pet.) (quoting *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 589–90 (Tex. App.—Texarkana 2004, no pet.)). An order granting a temporary injunction must,

3

as relevant here, "set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." TEX. R. CIV. P. 683. It must also set the cause for trial on the merits. *Id.*

We review an order granting injunctive relief for abuse of discretion. *Harris Cnty.*, 672 S.W.3d at 7. A trial court does not abuse its discretion "if some evidence reasonably supports the court's ruling." *Henry v. Cox*, 520 S.W.3d 28, 34 (Tex. 2017). But because a trial court has no discretion to misapply the law, we review its legal determinations de novo. *Texas Educ. Agency v. Houston Indep. Sch. Dist.*, 660 S.W.3d 108, 116 (Tex. 2023) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

## DISCUSSION

PHP challenges six aspects of the trial court's order, asserting that it abused its discretion by (1) granting the temporary injunction even though ASLM did not plead for such relief or present any evidence in support thereof; (2) relying on conclusory statements and findings; (3) considering testimony from the first temporary injunction hearing; (4) relying on the allegations in ASLM's petition and motion for reissuance of the temporary injunction; (5) finding no additional bond was required; and (6) granting the temporary injunction even though ASLM did not establish changed circumstances.

### A. Did ASLM request an injunction?

In its first issue, PHP contends the trial court abused its discretion by granting the temporary injunction because ASLM did not properly plead for injunctive relief in its motion for reentry of the temporary injunction. ASLM responds that it made clear it was requesting reentry of the previous injunction by reference to its original application for the temporary restraining

4

order and injunction. Alternatively, ASLM maintains that even if there were a defect in its pleadings, PHP would have had to address it by special exception.

In its motion for reentry of the temporary injunction, ASLM stated that "[o]n or around June 2, 2022, [ASLM] filed its Original Petition and Application for Temporary Restraining Order and Injunction," which appears in the record and recites the three requisite elements for a temporary injunction application. *See Harris Cnty.*, 672 S.W.3d at 7. After detailing the procedural history set forth above, including a reference to the "full evidentiary hearing" on the previous motion, ASLM then asked the trial court "to enter its order granting a temporary injunction until a trial on the merits of this case" to enjoin "any further foreclosure attempts by [PHP] or its agents." ASLM also appended the original petition and application as an exhibit to its emergency motion for reentry of the temporary injunction.

We cannot conclude that the trial court abused its discretion by determining ASLM requested injunctive relief in its motion for reentry of the temporary injunction by referring to its request in the original petition and application for temporary restraining order and injunction. PHP has pointed to no authority that compels otherwise. But even assuming this reference did not make ASLM's request for injunctive relief clear, ASLM is correct that PHP has waived any complaint regarding a purported pleading defect.

Texas Rule of Civil Procedure 90 requires that:

[e]very defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account[.]

Rule 90 applies to PHP's complaint—which it raised for the first time on appeal—that ASLM's motion for reentry of temporary injunction referred to its previous pleadings (which it appended

5

to its motion), rather than restating those arguments in the motion. *See Estate of Shultz*, No. 11-21-00177-CV, 2022 WL 4099404, at \*4 (Tex. App.—Eastland Sept. 8, 2022, no pet.) (mem. op.); *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 764–65 (Tex. App.—Texarkana 2017, pet. dism'd by agr.); *Onoray Davis Trucking Co. v. Lewis*, 635 S.W.2d 622, 624–25 (Tex. App.—Houston [14th Dist.] 1982, writ dism'd). Because PHP did not raise any complaint regarding ASLM's purported pleading defects to the trial court, it has not preserved this issue.

Issue One is overruled.

## B. Does the order state the reasons for its issuance?

In its second issue, PHP contends the trial court failed to comply with Rule 683's requirement that it set forth the reasons for issuing the temporary injunction because its findings are conclusory.

Rule 683 requires that an order granting a temporary injunction must, among other things, "set forth the reasons for its issuance." Merely stating that a party will "suffer irreparable harm" or has "no adequate remedy at law" does not meet Rule 683's specificity requirement. *Indep. Cap. Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 796 (Tex. App.—Dallas 2008, no pet.); TEX. R. CIV. P. 683. A finding is conclusory if it "state[s] a conclusion without any explanation." *Arkoma Basin Expl. Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 (Tex. 2008).

The trial court's order states in relevant part:

THE COURT FURTHER FINDS from the specific facts shown at the June 30, 2022, evidentiary hearing, that ASLM is likely to prevail on its pending claims and that ASLM will suffer immediate and irreparable injury, loss, or damage if injunctive relief is not granted. Based upon the foregoing, ASLM would lose a unique property if PHP is able to foreclose on its alleged lien without trying the issues raised by the parties' pleadings.

The order is not conclusory because it states why ASLM would suffer irreparable harm: it would lose a unique piece of real property due to foreclosure. *Compare Lamas v. Sandoval*, No. 08-

6

21-00095-CV, 2022 WL 3755790, at *9 (Tex. App.—El Paso Aug. 30, 2022, no pet.) (mem. op.) (determining order adequately established irreparable-harm requirement because it stated that without an injunction, property would be subject to loss through foreclosure), *and Danbill Partners, L.P. v. Sandoval*, 621 S.W.3d 738, 750 (Tex. App.—El Paso 2020, no pet.) (same), *with Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 374 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (determining order was conclusory and thus did not establish irreparable-harm requirement because it stated that without an injunction, respondents would "likely engage in conduct that will cause Petitioners to suffer immediate and irreparable injury, loss or damage; and . . . the threatened damage to Petitioners is impossible to accurately and fully assess"), *Freedom LHV, LLC v. IFC White Rock, Inc.,* No. 05-15-01528-CV, 2016 WL 3548012, at *2 (Tex. App.—Dallas June 28, 2016, pet. dism'd by agr.) (mem. op.) (determining order was conclusory and thus did not establish irreparable-harm requirement because it stated that the petitioner's "'business interests will be terminated,' without any explanation about how or why"), *and Kotz v. Imperial Cap. Bank*, 319 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2010, no pet.) (order was not sufficient when it merely stated tenants would suffer irreparable injury "in their possession and use of the Subject Property in the event that the requested injunctive relief is not granted").

PHP also takes issue with a clerical error in the trial court's order regarding the date on which the first temporary injunction hearing was held. Specifically, while the order references "the June 30, 2022, evidentiary hearing," the reporter's record confirms that the first temporary injunction evidentiary hearing actually occurred on June 22, 2022.[2] But PHP cites no authority

---

[2] The order granting the first temporary injunction issued on June 30, 2022.

supporting its argument that this clerical error renders the trial court's findings conclusory and has thus waived this argument on appeal.[3] TEX. R. APP. P. 38.1(i).

Issue Two is overruled.

**C. Could the trial court rely on testimony and evidence presented at a previous hearing in this case?**

In its third issue, PHP contends the trial court abused its discretion by taking judicial notice of the testimony and evidence from the June 22, 2022 temporary injunction hearing—that is, the hearing that preceded the temporary injunction which this Court later dissolved due to Rule 683 noncompliance. Relatedly, in its fourth issue, PHP argues that the trial court abused its discretion by taking judicial notice of the truth of factual statements and allegations in ASLM's pleadings, affidavits, and other documents in the record. ASLM contends that the trial court properly took notice of the evidence previously adduced in the case, and in any event, PHP waived this complaint, noting that it substantively engaged with the evidence from the first temporary injunction hearing in its opposition to ASLM's motion for reentry of the temporary injunction.

"[I]t is well-settled that a trial court can properly take judicial notice of its own records and prior pleadings in the case, with or without a request of a party." *In re Estate of Downing*, 461 S.W.3d 231, 239 (Tex. App.—El Paso 2015, no pet.). However, the trial court cannot take judicial notice of *testimony* from a previous proceeding at a subsequent proceeding unless the testimony is properly authenticated and admitted into evidence at the subsequent proceeding. *Camp Mystic, Inc. v. Eastland*, 399 S.W.3d 266, 278 (Tex. App.—San Antonio 2012, no pet.); *see also In re J.B.*, No. 11-22-00305-CV, 2023 WL 3213089 at *4 (Tex. App.—Eastland May 3, 2023, no pet.) (mem. op.) (trial court erred to extent it relied on testimony or assertions in prior hearings not

---

[3] Though it does not appear in the record, ASLM represents that it has requested an order *nunc pro tunc* from the trial court to correct this error.

8

admitted into evidence). To preserve error on an evidentiary ruling, a party must timely object or move to strike the evidence and state the specific ground therefor. TEX. R. EVID. 103(a). And to challenge an evidentiary ruling on appeal, the complaining party must establish that it is a reversible error—i.e., that the evidentiary ruling probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal. TEX. R. APP. P. 44.1(a); *Downing*, 461 S.W.3d at 240.

Based on the reporter's record from the hearing on ASLM's motion for reentry of the temporary injunction and the order granting the same "based upon the facts and evidence presented at the June 30, 2022 [hearing]," it appears the trial court considered the testimony and evidence submitted at the hearing on the first temporary injunction. ASLM did not move to admit any evidence at this hearing, including the transcript from the previous hearing.

However, PHP failed to preserve error on this point because it did not object to the admission of this evidence at the hearing, even after the trial court made clear its intent to review it. TEX. R. EVID. 103(a); *Downing*, 461 S.W.3d at 239. For example, the trial judge stated that her "recollection is a little sketchy with the evidence," so she was "going to have [the court reporter] help me with the transcript" from the first temporary injunction hearing, and "maybe with you two [i.e., PHP and ASLM's counsel] helping me with what was actually said and what it actually meant." PHP's counsel did not object to the trial court's consideration of this evidence. And even PHP's own motion opposing ASLM's request for reentry of the temporary injunction cites to testimony and evidence admitted at the previous hearing, attaching excerpts from the transcript as exhibits to its motion.

Finally, PHP fails to explain how the trial court's review of testimony or evidence from the prior hearing constitutes reversible error. TEX. R. APP. P. 44.1(a); *Downing*, 461 S.W.3d at 239–

9

40 (finding no abuse of discretion when trial court took judicial notice "of all the contents of the [case] file" because appellant failed to object to the admission of evidence at trial and failed to explain how its admission harmed her on appeal). This is especially clear because PHP does not appeal whether ASLM substantively established its right to a temporary injunction. Because PHP has failed to articulate the harm, if any, the trial court's action caused, it has not established the judicial notice probably caused the rendition of an improper judgment. *Downing*, 461 S.W.3d at 240.

Issues Three and Four are overruled.

### D. Does the order fulfill Rule 684's bond requirement?

In its fifth issue, PHP contends the temporary injunction should be dissolved because it does not meet Rule 684's bond requirement. Specifically, PHP argues the order does not expressly authorize the restraining order bond to serve as security for this temporary injunction, such that the order is void.

Rule 684 requires that "[i]n the order granting any . . . temporary injunction, the court shall fix the amount of security to be given by the applicant." Though a bond for a temporary restraining order does not generally "continue to act as security for a temporary injunction[,]" "the trial court may expressly provide in its order that the bond securing the temporary restraining order be continued as the bond for the temporary injunction." *Hartwell*, 528 S.W.3d at 770.

Here, the order states that "the bonds currently in place are adequate" and "no additional bond is required." While the order does not explicitly label the "bonds currently in place" as the bond securing the temporary restraining order, the record supports the finding that the only bond filed in this case was the bond for the temporary restraining order. Thus, we conclude the trial

court did not abuse its discretion in continuing this bond as security for the temporary injunction. *See id.*

Issue Five is overruled.

### E. Did ASLM have to show a change in circumstances since the vacated order?

In its sixth issue, PHP argues the trial court abused its discretion by granting the temporary injunction because ASLM did not present evidence on changed circumstances, and the dissolution of the previous temporary injunction bars a second application for injunctive relief unless the second request is based on changed circumstances. Because ASLM did not present evidence on changed circumstances at the June 1, 2023 temporary injunction hearing, PHP maintains that the trial court could not grant ASLM's request for injunctive relief.

The dissolution of a temporary injunction ordinarily bars a second application for such injunctive relief, unless the second request is based on changed circumstances not present at the time of the first application. *Pidgeon v. Turner*, 538 S.W.3d 73, 84 (Tex. 2017); *State v. Ruiz Wholesale Co.*, 901 S.W.2d 772, 776 (Tex. App.—Austin 1995, no writ). "Changed circumstances are conditions that altered the status quo existing after the temporary injunction was dissolved." *Sonwalkar v. St. Luke's Sugar Land P'ship, L.L.P.*, 394 S.W.3d 186, 195 (Tex. App.—Houston [1st Dist.] 2012, no pet.). This principle deters "[s]uccessive applications for injunctive relief on grounds that could have been raised in connection with an earlier request for such relief are not allowed where there is insufficient reason why the grounds were not urged in the earlier application." *Ruiz Wholesale*, 901 S.W.2d at 776. It also balances the trial court's authority to exercise its jurisdiction to modify an injunction against the principles of res judicata. *Pidgeon*, 538 S.W.3d at 84 (citing *City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993)).

Here, however, this Court's previous opinion vacated the trial court's order and dissolved the temporary injunction because the order failed to comply with the mandatory requirements of Rule 683. The Rule 683 defects are not substantive. *Danbill Partners*, 621 S.W.3d at 752 n.2. In such circumstances, courts have concluded that this kind of dissolution is without prejudice as to future relief the parties may seek. *See Clark*, 651 S.W.3d at 374 n.14 (dissolving temporary injunction "without prejudice as to future relief the parties may seek" when order failed to comply with Rule 683's requirements). But even if ASLM did have to show a change in circumstances from the time of its first temporary injunction application, it did so by reference to PHP's two attempts to foreclose on the property after this Court's prior opinion and mandate issued. *See Sonwalkar*, 394 S.W.3d at 195.

Issue Six is overruled.

## CONCLUSION

For the above reasons, we affirm the trial court's order granting the temporary injunction.


LISA J. SOTO, Justice

February 29, 2024

Before Alley, C.J., Palafox and Soto, JJ.


12