DALLAS COUNTY and The
Dallas County District
Clerk, Appellants,

v.

H. Averill SWEITZER and Walter
Kowalski, Appellees.

No. 05–95–01622–CV.

Court of Appeals of Texas,
Dallas.

April 3, 1998.

Henry J. Voegtle, III, Assistant District Attorney, John Clark Long, IV, Assistant District Attorney, Dallas, for Appellants.

Timothy E. Kelly, Timothy E. Kelly, P.C., Dallas, for Appellee.

Before OVARD, MALONEY and ROACH, JJ.

## OPINION

MALONEY, Justice.

H. Averill Sweitzer and Walter Kowalski (collectively, appellees) sued Dallas County and the Dallas County District Clerk (collectively, Dallas County) for improperly charging certain fees. The trial court entered judgment awarding appellees penalties and

enjoined Dallas County's collection of fees. On appeal, we reversed the trial court's penalty award, affirmed the trial court's injunction as modified, and issued our mandate. Appellees appeal the trial court's new judgment for damages, prejudgment and postjudgment interest, and attorney's fees.[1]

In seven points of error, appellants contend, among other things, the trial court had no jurisdiction to enter this judgment. We agree. We declare the trial court's judgments void and dismiss this appeal.[2]

## BACKGROUND

Appellees sued Dallas County alleging it overcharged and collected various fees not authorized by law. Appellees also alleged that they were entitled to quadruple penalties under section 51.321 of the government code.[3] In October 1992, the trial court entered judgment awarding appellees $2,275,-568 in penalties as well as injunctive relief. The October 1992 judgment, however, awarded no actual damages. Dallas County appealed.

On appeal, we upheld the collection of the law library and alternate dispute resolution fees, but concluded Dallas County had no authority to collect (1) appellate fees from October 1, 1987 to September 28, 1989, (2) the sheriff's fee, or (3) any court reporter's fees. We then reversed the trial court's penalty award, modified the trial court's injunction, and affirmed the injunction as modified. *Dallas County v. Sweitzer*, 881 S.W.2d 757 (Tex.App.—Dallas 1994, writ denied).

After our mandate issued, appellees moved for judgment in the trial court. On June 21, 1995, the trial court entered a new judgment that awarded appellees actual damages, prejudgment interest, postjudgment interest, and attorney's fees. In September 1995, the trial court set aside its June 1995 judgment and entered a new judgment that added a trust provision. Dallas County appeals this last judgment.

1. The judgment also orders appellees to hold the funds awarded in trust for their former clients.

2. We include the June 1995 judgment in this opinion lest the trial court think it might have had jurisdiction to enter *any* judgment after No-

## JURISDICTION

In its third point of error, Dallas County contends that the trial court's judgment is contrary to this Court's decision in *Dallas County v. Sweitzer*. Dallas County maintains that we must set aside the trial court's September 1995 judgment because our opinion and mandate was the equivalent of a take-nothing judgment, and the trial court's subsequent judgments awarding actual damages were unsupported by this Court's opinion.

### 1. Applicable Law

◼ "When an appellate court affirms a trial court's judgment or renders the judgment which the trial court should have rendered, that judgment becomes the judgment of both courts." *Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex.1987). The trial court's only duty is to enforce the judgment as rendered. *Id.* The district court has no jurisdiction to review or interpret that judgment. Its only authority is to carry out the mandate of the appellate court. Tex.R.App. P. 87(a). A district court's orders carrying out the mandate are ministerial. *Martin v. Credit Protection Ass'n, Inc.*, 824 S.W.2d 254, 255–56 (Tex.App.—Dallas 1992, writ dism'd w.o.j.); *Myers v. Myers*, 515 S.W.2d 334 (Tex.App.—Houston [1st Dist.] 1974, writ dism'd). The district court must execute the judgment as it was framed by the appellate court. *Conley v. Anderson*, 164 S.W. 985, 986 (Tex.1913); *Martin*, 824 S.W.2d at 256.

◼ Any judgment signed after the trial court's jurisdiction expires is a nullity. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995). A party need not appeal a void judgment, but it may appeal and the appellate court may declare that judgment void. *Id.* (citing *Fulton*, 346 S.W.2d at 827).

### 2. Application of Law to Facts

◼ The trial court issued judgment in this case on October 16, 1992. The trial

vember 16, 1992. Tex.R.App. P. 43.6; *see Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (Tex.1961).

3. Repealed effective September 1, 1995.

court's plenary power over the cause expired thirty days later, on November 16, 1992. The trial court had no jurisdiction to consider the 1995 motion for judgment absent remand from this Court. Our mandate directed as follows:

> Based on the Court's opinion of this date, We **REVERSE** the trial court's award of penalties. We **RENDER** judgment that appellees SWEITZER and KOWALSKI take no award of penalties, pre-judgment or post-judgment interest.

> We **MODIFY** the trial court's injunction to enjoin appellants DALLAS COUNTY and DALLAS COUNTY DISTRICT CLERK from collecting only:

>> (1) Clerk fee in excess of the amount of $46.00;

>> (2) Court Reporter Fee in the amount of $15.00; and

>> (3) Sheriff Fee in the amount of $30.00.

> As modified, we **AFFIRM** the trial court's injunction.

Our mandate commands the district court to observe this Court's order "and have it duly obeyed and executed."

Our May 1994 opinion and subsequent mandate reversed the trial court's penalty award, modified the trial court's injunction, and affirmed the trial court's injunction as modified. We remanded no portion of this cause to the trial court for further proceedings, authorized no reconsideration of any issue, and directed no additional damages against Dallas County.

Our mandate compelled the trial court only to execute that mandate. The trial court had no jurisdiction to award any additional relief or to enter either its June or September 1995 judgments. We conclude the trial court's lack of jurisdiction voids both the June and September 1995 judgments. Accordingly, we declare both judgments void and dismiss this appeal.