**Joseph MANGIONE, Appellant,**

v.

**Morris D. JAFFE, Sr.; Morris D. Jaffe, Jr.; Jaffe Group, Inc.; and Four J Real Estate, Ltd., Appellees.**

No. 04–00–00864–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 2001.

---

Denise Nixon Bunk, Gerald T. Drought, Martin, Drought & Torres, Inc., San Antonio, for appellant.

Douglas W. Sanders, W. Steven Bryant, Oppenheimer, Blend, Harrison & Tate, Inc., Todd A. Prins, Law Offices of Todd A. Prins, San Antonio, for appellees.

Sitting TOM RICKHOFF, ALMA L. LÓPEZ and SARAH B. DUNCAN, Justices.

Opinion by TOM RICKHOFF, Justice.

We are asked to determine whether the trial court erred in canceling a lis pendens filed by appellant, Joseph Mangione. Because Mangione's suit affects the property only collaterally, we affirm.

## BACKGROUND

In April 1999, Mangione and Jeffrey Jaffe entered into two Sales Agreements with the appellees, Morris D. Jaffe, Sr.; Morris D. Jaffe, Jr.; Jaffe Group, Inc.; and Four J. Real Estate, Ltd. (collectively, the Sellers) for the purchase of 100% of the Sellers' interest in Central Park Mall Joint Venture ("CPMJV"). CPMJV's sole asset is the Central Park Mall in San Antonio, Texas. The parties each contend that the other breached the Sales Agreements, and, in October 1999, Mangione filed suit against the Sellers for breach of contract. Mangione also filed a lis pendens against the property. CPMJV intervened and filed a motion to cancel the lis pendens and to sever, which the trial court granted. This appeal ensued.

## ANALYSIS

■ The lis pendens statute provides persons litigating title to property with a mechanism to give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property. *Garza v. Pope*, 949 S.W.2d 7, 8 (Tex.App.—San Antonio 1997, no writ). A party may file a lis pendens during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP.CODE ANN. § 12.007(a) (Vernon 1984).

■ We examine the pleadings to determine whether the action is within the lis pendens statute. *First Nat'l Petroleum Corp. v. Lloyd*, 908 S.W.2d 23, 25 (Tex. App.-Houston [1st Dist.] 1995, no writ). Where only collateral issues are involved that might ultimately affect the parties' interest in the property, the doctrine of lis pendens does not apply. *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex.1995) (holding that notice of lis pendens was improper because plaintiffs sought a constructive trust on property to satisfy their judgment against defendant); *First Nat'l Petroleum*, 908 S.W.2d at 25 (holding that notice of lis pendens was proper and distinguished itself from *Flores* on ground that First Petroleum sought a constructive trust and asked the trial court to grant it an interest in the property). Although the statute does not define "interest," the statute's wording indicates an interest in property may amount to something less than title. *Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex. App.—Houston [14th Dist.] 1989, no writ).

## DISCUSSION

Mangione seeks to enforce certain contracts affecting title to land that is the sole asset of the joint venture, and to impose a constructive trust upon the title to the

property to secure his claimed interests. *See Hughes v. Houston Northwest Medical Ctr.*, 647 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd) (holding that, although suit was to set aside contracts affecting title to land, principal rights asserted by partners and stockholders involved claim of an interest in property that was sole asset of partnership and corporation). Thus, we next examine Mangione's pleadings to determine whether the principal rights asserted and the relief sought involve a claim of an interest or right in the land. *Id.*

Mangione's petition states as follows:

Plaintiff seeks specific performance of the Sales Agreements from Defendants requiring Defendants to comply with all terms of the sales contracts. The result of the specific performance would be to vest Plaintiff with full ownership of the partnership interests in the partnership that owns the Central Park Mall. As such, the title to the real estate is involved in this lawsuit and Plaintiff is seeking to establish an interest in the real property in this lawsuit. . . .

. . .

Plaintiff further seeks the imposition of a constructive trust on the Mall on the equitable grounds that Defendants should not be able to unjustly enrich themselves from their wrongful conduct. Defendants should be subject to the equitable duty to convey the Mall to Plaintiff.

In his prayer for relief, Mangione asked for "a judgment against the Defendants enforcing specific performance of the Sales Agreements and money damages associated therewith, or alternatively, actual damages and exemplary damages, and the imposition of a constructive trust as plead herein. . . ."

Mangione's pleadings asserted a single cause of action—breach of contract.

Mangione did not allege actual or constructive fraud, which is an essential element in the creation of a constructive trust. *Talley v. Howsley*, 142 Tex. 81, 176 S.W.2d 158, 160 (1944); *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Therefore, the allegations in Mangione's pleading do not support imposition of a constructive trust. Absent allegations of fraud, Mangione was entitled to only specific performance of the Sales Agreements or damages for breach of the agreements. The subject matter of these causes of action is the Sellers' interests in the joint venture, not the Mall. Therefore, Mangione's pleading for specific performance or damages affects the property only collaterally and does not come within the provisions of section 12.007.

We affirm the trial court's order cancelling the lis pendens and enjoining Mangione from maintaining such lis pendens during the pendency of the action.