Affirmed and Opinion filed September 26, 2002









Affirmed
and Opinion filed September 26, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00553-CV

____________

 

FINANCIAL CENTER, INC., Appellant

 

V.

 

THE STATE OF TEXAS, THE TEACHER
RETIREMENT SYSTEM OF TEXAS, TRST CORPUS, INC., and CHARLES DUNLAP, Appellees

 



 

On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 94-61597

 



 

O P I N I O N

Financial Center, Incorporated (“FCI”), appeals the entry of
judgment dismissing its claims against the State of Texas (“State”), the
Teacher Retirement System of Texas (“TRS”), TRST Corpus, Incorporated (“TRST”),
and Charles L. Dunlap.  We affirm.








This appeal concerns events occurring in the trial court
following our November 18, 1999 decision in TRST Corpus, Inc. v. Financial
Center, Inc., 9 S.W.3d 316 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  In that judgment, we reversed
the trial court’s order denying TRST’s plea to the
jurisdiction and remanded with instructions to enter an order dismissing FCI’s claims against TRST for lack of jurisdiction.  FCI filed a petition for review to the Texas
Supreme Court which was denied on February 1, 2001.  Our mandate of reversal issued March 2, 2001.[1]

Subsequently, on March 23, 2001, FCI filed a Seventh Amended
Original Petition wherein, amongst other claims, it alleged State, TRS, TRST,
and Dunlap had acted with the specific intent to take its property for public
use.  Shortly thereafter, the trial court
entered an order dismissing FCI’s claims against
appellees.  The State, TRS, TRST, and
Dunlap then moved to dismiss the claims made by FCI in its Seventh Amended
Original Petition.  That motion was
granted on April 20, 2001.

On appeal, FCI contends its Seventh Amended Original Petition
corrected a purported pleading defect we identified in our November 18, 1999
opinion, and thus it was error for the trial court to dismiss the claim.  Further, FCI avers sections of our prior
opinion were erroneous, and urges reconsideration.  

When an appellate court renders the judgment the trial court
should have rendered, upon issuance of its mandate, the trial court must carry
out the mandate of the appellate court. Cook v. Cameron, 733 S.W.2d 137,
139 (Tex. 1987); Dallas County v. Sweitzer, 971 S.W.2d 629, 630 (Tex.
App.CDallas 1998, no pet.).  The trial court has the limited ministerial
duty to execute any orders that may be necessary to give effect to our
mandate.  Tex. R. App. P. 51.1; Sweitzer, 971 S.W.2d at 630
(recognizing “[t]he district court has no jurisdiction to review or interpret .
. . the judgment as it was framed by the appellate court”).








Our judgment of November 18, 1999 dismissed the cause for
lack of jurisdiction and our mandate of March 2, 2001 commanded the trial court
to observe that judgment.  Nonetheless,
despite being filed thereafter,  FCI
avers the trial court was permitted to consider its Seventh Amended Original
Petition.  After our mandate issued
dismissing the cause, however, the trial court could only enforce our judgment
and follow our mandate.  Id.  Accordingly, the trial court did not err in
dismissing FCI’s cause of action.

Shortly after filing notice of appeal FCI, also filed a
notice of lis pendens in Nueces County. 
The appellee requests that we cancel the lis pendens.  “The lis pendens statute provides persons
litigating title to property with a mechanism to give constructive notice to
all those taking title to the property that the claimant is litigating a claim
against the property.”  Mangione v.
Jaffe, 61 S.W.3d 591, 592 (Tex. App.CSan Antonio 2001, pet. dism’d).  “A lis pendens has no existence separate and
apart from the litigation of which it gives notice.”  Taliaferro v. Smith, 804 S.W.2d 548,
550 (Tex. App.CHouston [14th Dist.] 1991, no
pet.).  Because no pending cause of
action exists now, or at any time since the issuance of our mandate, the lis
pendens filed by appellant is void.

The trial court’s order of dismissal is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed September 26, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  The trial
court had earlier dismissed TRS and the State from the suit on the basis of
sovereign immunity B that determination was not appealed.