TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00684-CV







In re State of Texas








ORIGINAL PROCEEDING FROM TRAVIS COUNTY



 


D I S S E N T I N G O P I N I O N



 Mandamus is an appropriate means of compelling compliance with an appellate
mandate. Saudi v. Brieven, No. 01-03-00865-CV, 2004 Tex. App. LEXIS 9595, at *17 (Houston
[1st Dist.] 2004, pet. filed) (quoting Schliemann v. Garcia, 685 S.W.2d 690, 692 (Tex. App.--San
Antonio 1984, no writ)). The majority observes that mandamus is also proper when a trial court acts
without jurisdiction and issues a void order. In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605
(Tex. 2000); In re Velte, 140 S.W.3d 709, 712 (Tex. App.--Austin 2004, orig. proceeding). A
judgment is void if the court lacked jurisdiction over the parties or subject matter, had no jurisdiction
to enter the judgment, or had no capacity to act as a court. Mapco, Inc. v. Forrest, 795 S.W.2d 700,
703 (Tex. 1990). Because I disagree with the majority's conclusion that the trial court had
jurisdiction over the issue, I dissent from the decision to deny the petition for writ of mandamus.


Factual Background

 As noted by the majority, the real parties in interest (collectively, "Anderson
Courier") raised only one issue on appeal--whether the statute was constitutional. Anderson Courier
did not raise the issue of whether it could recover attorney's fees incurred in prosecuting the
underlying declaratory judgment action. We determined the only issue presented, holding the statute
to be unconstitutional, and rendered judgment; we ordered the State to pay all costs but did not
remand any part of the proceeding to the trial court for further determination or interpretation. Our
judgment stated that the trial court's judgment was reversed, that judgment was rendered that the
statute was unconstitutional, and that the State was to "pay all costs relating to this appeal, both in
this Court and the court below." The mandate commanded the trial court "to observe the order of
[the] Court of Appeals . . . and in all things have the order duly recognized, obeyed, and executed." 
The bill of costs referenced by the majority itemized fees and costs incurred in the appeal.

 After our mandate issued, Anderson Courier filed in the trial court a "Motion for
Attorneys' Fees and Costs," requesting attorney's fees incurred in the underlying declaratory action
as prevailing parties under the UDJA. See Tex. Code Civ. Prac. & Rem. Code Ann. § 37.009 (West
1997). When the State objected, Anderson Courier filed a "Motion for Supplemental Relief,"
seeking attorney's fees as "supplemental relief pursuant to Section 37.011" of the UDJA. Anderson
Courier argued that our mandate "reinvest[ed]" the trial court with "jurisdiction and authority to
grant supplemental relief that is necessary and proper." Anderson Courier concluded its motion for
supplemental relief with a prayer that the trial court grant "necessary and proper supplemental relief
including the issuance of a permanent injunction against the enforcement of" the unconstitutional
statute as well as attorney's fees and costs. 


Waiver

 First, I would note that by its failure to request this Court to consider whether it was
entitled to attorney's fees as part of the original appeal, Anderson Courier waived the issue. See Tex.
R. App. P. 38.1 (appellant must present issues presented for appellate review); Lairsen v. Slutzky,
80 S.W.3d 121, 130 (Tex. App.--Austin 2002, pet. denied) (party waives issue by its failure to
present argument or cite authority). Anderson Courier's motions filed after our mandate issued are
nothing more than untimely attempts to resurrect an issue that it failed to raise in its original appeal. 
This is exactly the kind of piecemeal litigation disfavored in Texas. See Transportation Ins. Co. v.
Moriel, 879 S.W.2d 10, 30 n.29 (Tex. 1994); Bard v. Charles R. Myers Ins. Agency, Inc., 839
S.W.2d 791, 796 (Tex. 1992); State v. Ruiz Wholesale Co., 901 S.W.2d 772, 776 (Tex.
App.--Austin 1995, no writ).


Anderson Courier's Request for "Supplemental Relief"

No Grounds Alleged for Supplemental Relief

 In the prayer for relief in its second motion, the motion for "supplemental relief,"
Anderson Courier made a cursory request for an injunction against enforcement of the
unconstitutional statute. However, there was no such request made in the body of the motion. Nor
did Anderson Courier even allege the possibility that the State might attempt to enforce the statute
in spite of our opinion, much less argue that injunctive relief was necessary or proper.

 Without evidence to the contrary, we presume that a defendant will obey and abide
by a declaratory judgment. Howell v. Texas Workers' Compensation Comm'n, 143 S.W.3d 416, 433
(Tex. App.--Austin 2004, no pet. h.); In re City of Dallas, 977 S.W.2d 798, 804 (Tex. App.--Fort
Worth 1998, orig. proceeding); Valley Oil Co. v. City of Garland, 499 S.W.2d 333, 336 (Tex. Civ.
App.--Dallas 1973, no writ). Although a declaratory judgment does not bar a later request and
proceeding for injunctive relief based on the earlier judgment, such ancillary injunctive relief should
issue only upon a showing that such relief is necessary and proper: "The UDJA allows for injunctive
relief ancillary to a declaration of rights in some situations . . . . This power to grant relief is
conditioned on such relief being necessary and proper." Hays County v. Hays County Water
Planning P'ship, 106 S.W.3d 349, 362 (Tex. App.--Austin 2003, no pet.). Supplemental relief that
may be sought and granted under section 37.011 is relief necessary to "enforce a declaratory
judgment." Howell, 143 S.W.3d at 433. Attorney's fees play no role in the enforcement of a
judgment and, thus, are not the proper subject of such a request. 

 In this situation, the exercise of the court's power to grant ancillary relief requires
some showing that the State will not comply with the judgment. Id.; Valley Oil, 499 S.W.2d 335-36;
see Camarena v. Texas Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988) (injunctive relief
only proper when there is live controversy; trial court may not grant injunction based on hypothetical
situation which might arise); Priest v. Texas Animal Health Comm'n, 780 S.W.2d 874, 875 (Tex.
App.--Dallas 1989, no writ) (to obtain injunctive relief, applicant must show wrongful act,
imminent harm, irreparable injury, and no adequate remedy at law). However, Anderson Courier
did not allege that the State would not abide by our declaratory judgment, much less present evidence
of any lack of compliance, and in fact, as discussed below, obtained a stipulation that the county
attorney would not attempt to enforce the statute. A review of Anderson Courier's motions shows
that the relief requested was not ancillary injunctive relief as could be ordered following a proper
showing under section 37.011, but was for attorney's fees alone. Anderson Courier did not plead
for and could not have been granted any supplemental relief under section 37.011. 


Not a Proper Motion

 In addition to its failure to show a need for ancillary relief, Anderson Courier filed
a motion, not a petition for supplemental relief. Section 37.011 of the UDJA allows a trial court to
grant further relief if necessary or proper, but such application must be made by petition. Tex. Civ.
Prac. & Rem. Code Ann. § 37.011 (West 1997). Anderson Courier's motions, initially seeking only
attorney's fees and then seeking "supplemental relief" in a blatant effort to establish jurisdiction
under section 37.011, do not comply with that section, and I would find the motions insufficient to
establish jurisdiction under section 37.011. (1)


Anderson Courier Mooted Its Own Issue

 Finally, I note that Anderson Courier brought forth an agreed order between the
county attorney and Anderson Courier. In the order, the county attorney agreed that Anderson
Courier had incurred considerable attorney's fees and agreed not to contest Anderson Courier's
attempts to obtain an award of attorney's fees. The county attorney also agreed to "permanently
refrain" from enforcing the statute, reserving the right to enforce the statute if it were declared
constitutional by a higher court. This order shows that the only agency with the legal authority to
enforce the statute in violation of our judgment had no such intentions and therefore that there was
no possible controversy requiring ancillary relief. The agreed order essentially moots Anderson
Courier's request for ancillary or supplemental injunctive relief. Without a showing of any ripe
controversy, "a threshold issue that implicates subject matter jurisdiction" and "emphasizes the need
for a concrete injury for a justiciable claim to be presented," the trial court lacked jurisdiction. 
Patterson v. Planned Parenthood of Houston & SE Tex., Inc., 971 S.W.2d 439, 442 (Tex. 1998).


Did Our Mandate "Reinvest" the Trial Court with Jurisdiction?

 An appellate mandate is "'a command of the court, which the court is authorized to
give and which must be obeyed.'" Saudi, 2004 Tex. App. LEXIS 9595, at *17 (quoting Williams
v. State, 899 S.W.2d 13, 15 (Tex. App.--San Antonio 1995, no pet.)). A trial court has no
jurisdiction to interpret or review a judgment by the court of appeals, and its only authority is to carry
out the appellate mandate. Dallas County v. Sweitzer, 971 S.W.2d 629, 630 (Tex. App.--Dallas
1998, no writ); see also Teston v. Brannin, 261 S.W. 788, 789 (Tex. Civ. App.--El Paso 1924, no
writ) (once supreme court rendered judgment, "the case was finally disposed of and upon the filing
of the mandate . . . nothing further remained for the [trial] court to do except issue the necessary
process to execute the judgment . . . rendered"). 

 When an appellate judgment does not remand any part of a cause for further
proceedings and does not authorize an award of damages or reconsideration of any issue, a trial court
lacks jurisdiction to award additional relief or damages. Sweitzer, 971 S.W.2d at 631 (trial court's
judgment was void because trial court lacked jurisdiction to consider appellees' motion "absent
remand from this Court"); Harris County Children's Protective Servs. v. Olvera, 971 S.W.2d 172,
177 (Tex. App.--Houston [14th Dist.] 1998, pet. denied) (although mandate ordered appellant to
pay all costs, "mandate did not confer any jurisdiction on the trial court to act in the case," and court
abused its discretion in awarding appellate attorney's fees as costs); Martin v. Credit Protection
Ass'n, Inc., 824 S.W.2d 254, 255-57 (Tex. App.--Dallas 1992, writ dism'd w.o.j.) (court held that
trial court lacked jurisdiction to award attorney's fees after reverse-and-render order awarding
"costs"; "[e]ven if we allowed a trial court discretion in its ministerial duty of carrying out the terms
of a mandate in a cause that was reversed and rendered, the terms of the mandate here are plainly
stated" and "[g]ranting additional relief would thus interfere with the mandate"); see Kenseth v.
Dallas County, 126 S.W.3d 584, 599 (Tex. App.--Dallas 2004, pet. denied) (distinguishing
Sweitzer, where "the only judgment upheld . . . was for injunctive relief; no monetary award of any
sort had been approved, and yet the trial court made such an award," from cause at hand, where
appellate mandate required disbursement of funds held in trial court's registry; trial court "must have
had jurisdiction to make disbursement orders" and thus had jurisdiction over parties and "subject
matter at issue (here, the funds in its registry)"); see also Madeksho v. Abraham, Watkins, Nichols
& Friend, 112 S.W.3d 679, 696-97 (Tex. App.--Houston [14th Dist.] 2003, pet. denied) (Hudson,
J., dissenting) ("When an appellate court affirms the judgment of the trial court or renders a
judgment the trial court should have rendered, that judgment becomes the judgment of both courts
. . . . In other words, the judgment of the trial court stands in the same manner as if there had been
no appeal."). But see Madeksho, 112 S.W.3d at 683-84 (plurality op.) (Olvera was "somewhat
ambiguous" on whether trial court's award of attorney's fees as costs "was a question of jurisdiction
or a question of simple error. Although we stated the trial court had 'no jurisdiction' to do anything
beyond the appellate mandate, we also found the trial court 'abused its discretion' in entering the
new awards.").

 In this case, we rendered judgment and ordered the State to pay all costs. There was
no money or other subject matter held in a registry that had to be disbursed. Our judgment and
mandate did not reinvest the trial court with any jurisdiction to "interpret" our orders, and the bill
of costs itemized the fees and costs incurred in the appeal, thus obviating any need for the trial court
to make determinations as to costs. 


Conclusion

 Anderson Courier waived any claim for attorney's fees incurred in the original appeal
and did not show its entitlement to attorney's fees in the enforcement of our judgment. The majority
seems to hold that the trial court's mere reference to section 37.011 served to establish jurisdiction
over this matter without regard to whether the requirements of section 37.011 were met. Anderson
Courier's motion, even if we were to consider it a proper "petition" under section 37.011, did not
seek the kind of relief allowable under the statute and did not allege any necessity for such relief. 
We should not view such a defective motion as bestowing or "reinvesting" the trial court with
jurisdiction under section 37.011. 

 The trial court's plenary powers were long expired, Tex. R. Civ. P. 329b, and lacking
a remand order or a proper petition seeking necessary supplemental relief, the trial court was without
jurisdiction to hold further proceedings in this cause. Clearly, it was error for the trial court to have
awarded attorney's fees as "costs." More than that, however, the trial court's award was void for
lack of jurisdiction. Relief by way of mandamus is therefore a proper remedy. In re Southwestern
Bell Tel. Co., 35 S.W.3d at 605. I would grant mandamus relief and I respectfully dissent from the
majority's decision to deny such relief.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Filed: February 14, 2005

1. I note that the trial court's order stated that the attorney's fees were "reasonable and
necessary." This tracks language used in section 37.009 of the UDJA, see Tex. Civ. Prac. & Rem.
Code Ann. § 37.009 (West 1997), not section 37.011, which requires that supplemental relief be
"necessary or proper." Id. § 37.011 (West 1997). This is further indication that the trial court did
not properly consider section 37.011 and its limited grant of power to give supplemental relief.