TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-04-00684-CV






In re State of Texas







ORIGINAL PROCEEDING FROM TRAVIS COUNTY






O P I N I O N



 The State of Texas filed a petition for a writ of mandamus with this Court contending
that the district court issued a void order assessing attorneys' fees in a case after this Court's mandate
had issued. Because we hold that the trial court had jurisdiction over the parties and the subject
matter at issue, we deny the petition.


BACKGROUND

 The State's petition arises out of proceedings in the district court following the
issuance of our mandate in Anderson Courier Service v. State of Texas, 104 S.W.3d 121 (Tex.
App.--Austin, March 6, 2003). In Anderson, we considered the constitutionality of a statute
prohibiting the use of accident reports generated by the Texas Department of Public Safety or other
governmental agencies for pecuniary gain. Id. at 123. Businesses that were engaged in collecting
and selling accident reports, reviewing accident reports, or using those reports for solicitation
purposes (whom we will collectively refer to as "Anderson Courier") brought suit under the
declaratory judgment act seeking a declaration that the statute is unconstitutional, an injunction
restraining enforcement of the statute, and attorneys' fees. Id. at 122-23. The district court found
in favor of the State, upheld the constitutionality of the statute, and denied Anderson Courier's
request for attorneys' fees. Id. at 123. Anderson Courier appealed to this Court contending that the
district court erred by upholding the statute and by denying the requested temporary injunction; they
sought a remand to the district court for further proceedings. Anderson Courier did not raise the
denial of their request for attorneys' fees as an issue on appeal. This Court agreed with Anderson
Courier that the statute unconstitutionally regulated commercial speech; we reversed the district
court's judgment and rendered judgment. Id. at 126. Our mandate specifically reversed and
rendered judgment and further ordered that "appellees pay all costs relating to this appeal, both in
this Court and the court below." An attached bill of costs itemized the fees paid to the clerk's office
and the cost of the reporter's and clerk's records. 

 After the State's petition for review was denied by the supreme court, Anderson
Courier filed a motion in the district court seeking attorneys' fees. This motion was later
incorporated into a motion for supplemental relief pursuant to section 37.011 of the declaratory
judgment act which also sought a permanent injunction against the enforcement of the statute. The
State filed a plea to the jurisdiction contending that the district court lacked jurisdiction to enter an
award of attorneys' fees. The district court denied the plea to the jurisdiction holding that Anderson
Courier was


not prohibited by the Mandate issued in this cause from seeking supplemental relief
as authorized by Section 37.011 of the Texas Declaratory Judgment Act; provided,
however, that the Court reserves ruling on whether such supplemental relief can or
should include an award of attorneys' fees.



While litigation over the issue of attorneys' fees continued, Anderson Courier reached an agreement
in which the Travis County Attorney agreed to permanently refrain from enforcing the statute and
Anderson Courier agreed not to seek attorneys' fees from Travis County or the Travis County
Attorney. The suit against the State remained, and the district court ultimately held that attorneys'
fees were appropriate and awarded $368,857 in attorneys' fees at the trial level, plus interest, to
Anderson Courier pursuant to sections 37.009 and 37.011 of the declaratory judgment act. The State
filed both a notice of appeal from the district court's judgment and this petition for a writ of
mandamus.


DISCUSSION

 The issue raised in this petition is limited to the question of the district court's
jurisdiction to consider Anderson Courier's request for attorneys' fees after this Court had rendered
judgment and issued its mandate. So long as the district court had jurisdiction, the district court's
order is not void, the question of attorneys' fees is appropriately heard on appeal, and the petition
should be denied. (1) 

 Mandamus is proper if a trial court issues an order beyond its jurisdiction. In re
Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000). We recently explained that "when a
trial court exceeds its jurisdiction in issuing an order, the order is void, the relator need not show that
he had no adequate remedy by appeal, and mandamus relief is appropriate." In re Velte, 140 S.W.3d
709, 712 (Tex. App.--Austin 2004, orig. proceeding). 

 "Jurisdiction refers to a court's authority to adjudicate a case." Reiss v. Reiss, 118
S.W.3d 439, 443 (Tex. 2003); Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). So long
as the court entering a judgment has jurisdiction of the parties and the subject matter and does not
act outside its capacity as a court, the judgment is not void. Reiss, 118 S.W.3d at 443; Mapco, Inc.
v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990). "A court's action contrary to a statute or statutory
equivalent" that does not involve jurisdiction merely renders the judgment voidable so that it may
be "corrected through the ordinary appellate process or other proper proceedings." Reiss, 118
S.W.3d at 443.

 The State contends that, after this Court rendered judgment in the appeal, the district
court only had jurisdiction to enforce the appellate mandate. See Dallas County v. Sweitzer, 971
S.W.2d 629, 630 (Tex. App.--Dallas 1998, no pet.) (district court has no jurisdiction to review or
interpret appellate judgment). Our mandate only ordered the State to pay "costs" relating to the
appeal, and thus, the state argues that the award of attorneys' fees was beyond the scope of the
mandate and outside of the district court's jurisdiction. 

 There is a legitimate question as to whether a trial court's order that is outside of the
scope of an appellate mandate is void or merely voidable. The Houston Court of Appeals,
Fourteenth District, thoroughly discussed the issue in Madeksho v. Abraham, Watkins, Nichols, &
Friend, 112 S.W.3d 679, 685 (Tex. App.--Houston [14th Dist.] 2003, pet. denied) (en banc), and 
concluded that a trial court may abuse its discretion by issuing an order beyond the scope of an
appellate mandate, but that subject-matter jurisdiction is not raised. The Dallas Court of Appeals
has expressed the opposite position. See Dallas County v. Sweitzer, 971 S.W.2d 629, 630 (Tex.
App.--Dallas 1998, no pet.); but see Kenseth v. Dallas County, 126 S.W.3d 584, 599 (Tex.
App.--Dallas 2004, pet. denied) (order not void where trial court misinterpreted mandate). 
However, we need not resolve this question in this case because we find that the trial court had
jurisdiction under section 37.011 of the declaratory judgment act.

 Our review of the record indicates that the district court awarded attorneys' fees as
supplemental relief pursuant to section 37.011 of the declaratory judgment act. The issue was clearly
framed as such in the district court's order denying the State's plea to the jurisdiction and the final
judgment awarding attorneys' fees cited sections 37.009 and 37.011 of the declaratory judgment act,
not the appellate mandate.

 Section 37.011 allows for further relief based on a declaratory judgment upon a
showing that the relief is "necessary and proper." Tex. Civ. Prac. & Rem. Code Ann. § 37.011
(West 1997); Texas Dep't of Pub. Safety v. Moore, 985 S.W.2d 149, 156 (Tex. App.--Austin 1998,
no pet.). Although we agree with the State that the declaratory judgment act does not independently
create jurisdiction or substantive rights, see Continental Cas. Co. v. Rivera, 124 S.W.3d 705, 712-13
(Tex. App.--Austin 2003, pet. denied), section 37.011 of the act allows for the district court to grant
relief ancillary to a prior declaratory judgment. See Genecov Group Inc. v. Roosth Prod. Co., 144
S.W.3d 546, 553 (Tex. App.--Tyler 2003, pet. denied); Moore, 985 S.W.2d at 157. 

 Courts have granted supplemental relief under the declaratory judgment act after an
appeal and may award relief not requested on appeal. In Valley Oil Co. v. City of Garland, 499
S.W.2d 333, 335 (Tex. App.--Dallas 1973, no writ), Valley Oil successfully challenged, in the trial
court, a city ordinance that would have forced it to close a gas station. The city appealed the issue
of whether the ordinance was valid but did not raise the trial court's denial of an injunction
restraining Valley Oil from operating the gas station. The court of appeals reversed and rendered
judgment that the ordinance was valid. Id. After the mandate from the court of appeals issued, the
city again sought an injunction against Valley Oil based on the ordinance. Id. The trial court granted
the injunction, and Valley Oil appealed contending that the City did not raise the issue of the
injunction on appeal and was, therefore, precluded from further litigation on the matter. Id. The
court of appeals affirmed the trial court's order granting the injunction. Id. at 336. Despite the fact
that the issue was not raised on appeal, the court explained that the city was entitled to further relief
under the declaratory judgment act: (2)

 

The rationale for this apparent departure from the usual rule of res judicata is that the
losing party in a declaratory judgment act can normally be expected to recognize the
rights declared by the judgment and act accordingly, but that if he fails to do so, the
court should have ample power to enforce the judgment by subsequent coercive
orders, whether or not such relief was sought in the original action.



Id. at 336. The court of appeals specifically addressed the issue of jurisdiction, holding that the
supplemental relief provision of the declaratory judgment act established jurisdiction, and that a
request for relief may properly be brought in the same suit in which the original declaratory relief
was granted. Id. 

 The dissent cites Howell v. Texas Workers' Compensation Commission and Valley
Oil for the proposition that the court's power to grant ancillary relief under section 37.011 requires
a showing that a party will not comply with the underlying declaratory judgment. See Howell, 143
S.W.3d 416, 433 (Tex. App.--Austin, no pet. h.); Valley Oil, 499 S.W.2d at 335-36. These cases
confirm that the party seeking supplemental relief must make a showing that the requested relief is
necessary and proper to enforce the declaratory judgment. See Howell, 143 S.W.3d at 433; Valley
Oil, 499 S.W.2d at 335-36. They do not hold that a trial court lacks subject matter jurisdiction
absent such a showing. A trial court's jurisdiction to act does not simply dissolve if an appellate
court later disagrees with that court's determination that the relief was necessary and proper.

 We also look to federal case law because section 37.002(c) of the declaratory
judgment act compels us to construe the statute in harmony with federal law concerning declaratory
judgments. See Tex. Civ. Prac. & Rem. Code Ann. § 37.002(c) (West 1997). The federal
declaratory judgment act contains a "further relief" provision similar to our statute. See 28 U.S.C.
§ 2202. Section 2202 authorizes the federal courts to grant "further necessary or proper relief based
on a declaratory judgment or decree." Id. A number of federal court decisions have made it clear
that a trial court has jurisdiction to consider a request for "further relief" under the federal declaratory
judgment act at any time, even after a completed appeal. See Insurance Servs. of Beaufort, Inc. v.
Aetna Cas. & Sur. Co., 966 F.2d 847, 851-52 (4th Cir. 1992) (court retains jurisdiction to grant
further relief to give effect to a declaratory judgment); Horn & Hadart Co. v. National Rail
Passenger Corp., 843 F.2d 546, 548 (D.C. Cir. 1988) (neither completed appeal nor lengthy period
of delay deprives trial court of jurisdiction under 28 U.S.C. 2202); McNalley v. American States Ins.
Co., 339 F.2d 186, 187 (6th Cir. 1964); In re Bicoastal Corp., 152 Bankr. 327, 331 (Bankr. M.D.
Fla. 1993). 

 We hold that the district court had jurisdiction to consider the request pursuant to
section 37.011 of the declaratory judgment act. See Valley Oil, 499 S.W.2d at 336; see also
Insurance Servs. of Beaufort, 966 F.2d at 851-52; Horn & Hadart, 843 F.2d at 548. Whether the
district court's award of attorneys' fees was "necessary or proper" will be addressed in the appeal
pending before this Court. See Reiss, 118 S.W.3d at 443 (errors other than jurisdiction to be
corrected through ordinary appellate process). The district court's order awarding attorneys' fees
was not void and the State's petition for a writ of mandamus is denied.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: February 14, 2005
1. By contrast, the dissent discusses issues of waiver and the merits of whether Anderson
Courier's request for attorneys' fees constitutes necessary and proper supplemental relief under
section 37.011 of the declaratory judgment act. This is presumably because the dissent believes that
the issue of jurisdiction is interrelated with the merits of Anderson Courier's claim. Because we do
not find that subject matter jurisdiction is implicated, we will refrain from addressing the dissent's
arguments on the merits so as to avoid prejudging the State's appeal pending before us.
2. The language of the declaratory judgment act's supplemental relief provision cited in
Valley Oil, is, in relevant part, identical to the current statute. Compare Tex. Civ. Prac. & Rem.
Code Ann. § 37.011 (West 1997) with Tex. Rev. Civ. Stat. Ann. art. 2524-1 (Vernon 1965).