# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00684-CV

In re State of Texas

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## DISSENTING OPINION

Mandamus is an appropriate means of compelling compliance with an appellate mandate. *Saudi v. Brieven*, No. 01-03-00865-CV, 2004 Tex. App. LEXIS 9595, at \*17 (Houston [1st Dist.] 2004, pet. filed) (quoting *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio 1984, no writ)). The majority observes that mandamus is also proper when a trial court acts without jurisdiction and issues a void order. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000); *In re Velte*, 140 S.W.3d 709, 712 (Tex. App.—Austin 2004, orig. proceeding). A judgment is void if the court lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the judgment, or had no capacity to act as a court. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Because I disagree with the majority's conclusion that the trial court had jurisdiction over the issue, I dissent from the decision to deny the petition for writ of mandamus.

**Factual Background**

As noted by the majority, the real parties in interest (collectively, "Anderson Courier") raised only one issue on appeal—whether the statute was constitutional. Anderson Courier did not raise the issue of whether it could recover attorney's fees incurred in prosecuting the underlying declaratory judgment action. We determined the only issue presented, holding the statute to be unconstitutional, and *rendered judgment*; we ordered the State to pay all costs but *did not remand any part of the proceeding to the trial court* for further determination or interpretation. Our judgment stated that the trial court's judgment was reversed, that judgment was rendered that the statute was unconstitutional, and that the State was to "pay all costs relating to this appeal, both in this Court and the court below." The mandate commanded the trial court "to observe the order of [the] Court of Appeals . . . and in all things have the order duly recognized, obeyed, and executed." The bill of costs referenced by the majority itemized fees and costs incurred in the appeal.

After our mandate issued, Anderson Courier filed in the trial court a "Motion for Attorneys' Fees and Costs," requesting attorney's fees incurred in the underlying declaratory action as prevailing parties under the UDJA. *See* Tex. Code Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997). When the State objected, Anderson Courier filed a "Motion for Supplemental Relief," seeking attorney's fees as "supplemental relief pursuant to Section 37.011" of the UDJA. Anderson Courier argued that our mandate "reinvest[ed]" the trial court with "jurisdiction and authority to grant supplemental relief that is necessary and proper." Anderson Courier concluded its motion for supplemental relief with a prayer that the trial court grant "necessary and proper supplemental relief

2

including the issuance of a permanent injunction against the enforcement of" the unconstitutional statute as well as attorney's fees and costs.

**Waiver**

First, I would note that by its failure to request this Court to consider whether it was entitled to attorney's fees as part of the original appeal, Anderson Courier waived the issue. *See* Tex. R. App. P. 38.1 (appellant must present issues presented for appellate review); *Lairsen v. Slutzky*, 80 S.W.3d 121, 130 (Tex. App.—Austin 2002, pet. denied) (party waives issue by its failure to present argument or cite authority). Anderson Courier's motions filed after our mandate issued are nothing more than untimely attempts to resurrect an issue that it failed to raise in its original appeal. This is exactly the kind of piecemeal litigation disfavored in Texas. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 n.29 (Tex. 1994); *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 796 (Tex. 1992); *State v. Ruiz Wholesale Co.*, 901 S.W.2d 772, 776 (Tex. App.—Austin 1995, no writ).

**Anderson Courier's Request for "Supplemental Relief"**

*No Grounds Alleged for Supplemental Relief*

In the prayer for relief in its second motion, the motion for "supplemental relief," Anderson Courier made a cursory request for an injunction against enforcement of the unconstitutional statute. However, there was no such request made in the body of the motion. Nor did Anderson Courier even allege the possibility that the State might attempt to enforce the statute in spite of our opinion, much less argue that injunctive relief was necessary or proper.

3

Without evidence to the contrary, we presume that a defendant will obey and abide by a declaratory judgment. *Howell v. Texas Workers' Compensation Comm'n*, 143 S.W.3d 416, 433 (Tex. App.—Austin 2004, no pet. h.); *In re City of Dallas*, 977 S.W.2d 798, 804 (Tex. App.—Fort Worth 1998, orig. proceeding); *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 336 (Tex. Civ. App.—Dallas 1973, no writ). Although a declaratory judgment does not bar a later request and proceeding for injunctive relief based on the earlier judgment, such ancillary injunctive relief should issue *only* upon a showing that such relief is necessary and proper: "The UDJA allows for injunctive relief ancillary to a declaration of rights in some situations . . . . This power to grant relief is conditioned on such relief being *necessary and proper*." *Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349, 362 (Tex. App.—Austin 2003, no pet.). Supplemental relief that may be sought and granted under section 37.011 is relief necessary to "enforce a declaratory judgment." *Howell*, 143 S.W.3d at 433. Attorney's fees play no role in the enforcement of a judgment and, thus, are not the proper subject of such a request.

In this situation, the exercise of the court's power to grant ancillary relief requires some showing that the State will not comply with the judgment. *Id*.; *Valley Oil*, 499 S.W.2d 335-36; *see Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (injunctive relief only proper when there is live controversy; trial court may not grant injunction based on hypothetical situation which might arise); *Priest v. Texas Animal Health Comm'n*, 780 S.W.2d 874, 875 (Tex. App.—Dallas 1989, no writ) (to obtain injunctive relief, applicant must show wrongful act, imminent harm, irreparable injury, and no adequate remedy at law). However, Anderson Courier

4

did not allege that the State would not abide by our declaratory judgment, much less present evidence of any lack of compliance, and in fact, as discussed below, obtained a stipulation that the county attorney would *not* attempt to enforce the statute. A review of Anderson Courier's motions shows that the relief requested was not ancillary injunctive relief as could be ordered following a proper showing under section 37.011, but was for attorney's fees alone. Anderson Courier did not plead for and could not have been granted any supplemental relief under section 37.011.

*Not a Proper Motion*

In addition to its failure to show a need for ancillary relief, Anderson Courier filed a motion, not a petition for supplemental relief. Section 37.011 of the UDJA allows a trial court to grant further relief if necessary or proper, but such application must be made by petition. Tex. Civ. Prac. & Rem. Code Ann. § 37.011 (West 1997). Anderson Courier's motions, initially seeking only attorney's fees and then seeking "supplemental relief" in a blatant effort to establish jurisdiction under section 37.011, do not comply with that section, and I would find the motions insufficient to establish jurisdiction under section 37.011.[1]

---

[1] I note that the trial court's order stated that the attorney's fees were "reasonable and necessary." This tracks language used in section 37.009 of the UDJA, *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997), not section 37.011, which requires that supplemental relief be "necessary or proper." *Id*. § 37.011 (West 1997). This is further indication that the trial court did not properly consider section 37.011 and its limited grant of power to give supplemental relief.

5

*Anderson Courier Mooted Its Own Issue*

Finally, I note that Anderson Courier brought forth an agreed order between the county attorney and Anderson Courier. In the order, the county attorney agreed that Anderson Courier had incurred considerable attorney's fees and agreed not to contest Anderson Courier's attempts to obtain an award of attorney's fees. The county attorney also agreed to "permanently refrain" from enforcing the statute, reserving the right to enforce the statute if it were declared constitutional by a higher court. This order shows that the only agency with the legal authority to enforce the statute in violation of our judgment had no such intentions and therefore that there was no possible controversy requiring ancillary relief. The agreed order essentially moots Anderson Courier's request for ancillary or supplemental injunctive relief. Without a showing of any ripe controversy, "a threshold issue that implicates subject matter jurisdiction" and "emphasizes the need for a concrete injury for a justiciable claim to be presented," the trial court lacked jurisdiction. *Patterson v. Planned Parenthood of Houston & SE Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998).

**Did Our Mandate "Reinvest" the Trial Court with Jurisdiction?**

An appellate mandate is "'a command of the court, which the court is authorized to give and which must be obeyed.'" *Saudi*, 2004 Tex. App. LEXIS 9595, at *17 (quoting *Williams v. State*, 899 S.W.2d 13, 15 (Tex. App.—San Antonio 1995, no pet.)). A trial court has no jurisdiction to interpret or review a judgment by the court of appeals, and its only authority is to carry out the appellate mandate. *Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex. App.—Dallas 1998, no writ); *see also Teston v. Brannin*, 261 S.W. 788, 789 (Tex. Civ. App.—El Paso 1924, no

6

writ) (once supreme court rendered judgment, "the case was finally disposed of and upon the filing of the mandate . . . nothing further remained for the [trial] court to do except issue the necessary process to execute the judgment . . . rendered").

When an appellate judgment does not remand any part of a cause for further proceedings and does not authorize an award of damages or reconsideration of any issue, a trial court lacks jurisdiction to award additional relief or damages. *Sweitzer*, 971 S.W.2d at 631 (trial court's judgment was void because trial court lacked jurisdiction to consider appellees' motion "absent remand from this Court"); *Harris County Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 177 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (although mandate ordered appellant to pay all costs, "mandate did not confer any jurisdiction on the trial court to act in the case," and court abused its discretion in awarding appellate attorney's fees as costs); *Martin v. Credit Protection Ass'n, Inc.*, 824 S.W.2d 254, 255-57 (Tex. App.—Dallas 1992, writ dism'd w.o.j.) (court held that trial court lacked jurisdiction to award attorney's fees after reverse-and-render order awarding "costs"; "[e]ven if we allowed a trial court discretion in its ministerial duty of carrying out the terms of a mandate in a cause that was reversed and *rendered*, the terms of the mandate here are plainly stated" and "[g]ranting additional relief would thus interfere with the mandate"); *see Kenseth v. Dallas County*, 126 S.W.3d 584, 599 (Tex. App.—Dallas 2004, pet. denied) (distinguishing *Sweitzer*, where "the only judgment upheld . . . was for injunctive relief; no monetary award of any sort had been approved, and yet the trial court made such an award," from cause at hand, where appellate mandate required disbursement of funds held in trial court's registry; trial court "must have had jurisdiction to make disbursement orders" and thus had jurisdiction over parties and "subject

7

matter at issue (here, the funds in its registry)")"); *see also Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 696-97 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (Hudson, J., dissenting) ("When an appellate court affirms the judgment of the trial court or renders a judgment the trial court should have rendered, that judgment becomes the judgment of both courts . . . . In other words, the judgment of the trial court stands in the same manner as if there had been no appeal."). *But see Madeksho*, 112 S.W.3d at 683-84 (plurality op.) (*Olvera* was "somewhat ambiguous" on whether trial court's award of attorney's fees as costs "was a question of jurisdiction or a question of simple error. Although we stated the trial court had 'no jurisdiction' to do anything beyond the appellate mandate, we also found the trial court 'abused its discretion' in entering the new awards.").

In this case, we rendered judgment and ordered the State to pay all costs. There was no money or other subject matter held in a registry that had to be disbursed. Our judgment and mandate did not reinvest the trial court with any jurisdiction to "interpret" our orders, and the bill of costs itemized the fees and costs incurred in the appeal, thus obviating any need for the trial court to make determinations as to costs.

### Conclusion

Anderson Courier waived any claim for attorney's fees incurred in the original appeal and did not show its entitlement to attorney's fees in the enforcement of our judgment. The majority seems to hold that the trial court's mere reference to section 37.011 served to establish jurisdiction over this matter without regard to whether the requirements of section 37.011 were met. Anderson

8

Courier's motion, even if we were to consider it a proper "petition" under section 37.011, did not seek the kind of relief allowable under the statute and did not allege any necessity for such relief. We should not view such a defective motion as bestowing or "reinvesting" the trial court with jurisdiction under section 37.011.

The trial court's plenary powers were long expired, Tex. R. Civ. P. 329b, and lacking a remand order or a proper petition seeking necessary supplemental relief, the trial court was without jurisdiction to hold further proceedings in this cause. Clearly, it was error for the trial court to have awarded attorney's fees as "costs." More than that, however, the trial court's award was void for lack of jurisdiction. Relief by way of mandamus is therefore a proper remedy. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d at 605. I would grant mandamus relief and I respectfully dissent from the majority's decision to deny such relief.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: February 14, 2005

9